# THE STATE OF ILLINOIS
## v.
## JAMES M. ALLEN.

## SAME
## v.
## CHARLES ATKINSON.

1. ASSESSMENTS — *how equalized as between townships.* In equalizing assessments as between the townships of a county, the board of supervisors are only authorized to increase or diminish the aggregate valuation of real estate, by adding or deducting such sum upon the hundred *dollars*, as may, in their opinion, be necessary to produce a just relation between all the valuations of real estate in the county.

2. The word "dollars" has evidently been accidently omitted after the word "hundred" in the fifteenth section of the township organization law of 1861.

3. A board of supervisors are not authorized by law to add a certain sum to each acre of land in a township, in equalizing the assessments of real estate as between the townships of a county. Equalization must be by valuation.

4. DELEGATED AUTHORITY — *when exceeded.* It is a familiar principle, that, in the exercise of delegated power, all acts within the scope of the authority will be sustained, where such acts can be separated from those in excess or outside of the power. But, where the acts within the power are so intimately connected with those outside of the power that they cannot be separated, then the entire action of the agent or officer must fail.

5. SAME — *levying a tax in excess of that authorized.* A township authorized by law to levy a tax of three per cent for bounty purposes, exceeded its power by levying five per cent. The county clerk rejected the two per cent in excess, and extended a tax of three per cent on the collector's book. *Held,* that the action of the township in exceeding its authority did not vitiate the legal tax of three per cent. The action of the county clerk was sustained.

6. Where township authorities, at their regular town meeting, voted a bounty tax for three consecutive years, having only the power to vote it for one year, the tax for the year authorized would be legal, although the tax for the other two years may be otherwise.

7. If a board of supervisors act illegally in changing assessments of real estate, it will not vitiate, alter or change the legal acts of the assessors of the towns. Until legally changed or vacated, their assessments are binding on the tax-payers.

APPEALS from the Circuit Court of Henry county; the Hon. IRA O. WILKINSON, Judge, presiding.

The above cases involved the same facts, and were considered together.

At the June Term, 1866, of the County Court of Henry county, the appellees appeared and objected to the rendition of judgment against certain lands belonging to themselves, and situated in the four towns of Loraine, Yorktown, Phœnix and Atkinson, in said county.

Their objections were overruled in the County Court. Appeals were taken to the Circuit Court, where their objections were sustained.

The cases were brought to this court by appeals.

The objections made in the Circuit Court against the rendition of judgment are as follows:

1. That the board of supervisors of Henry county, at their annual meeting in September, 1865, in equalizing the assessments returned by the several assessors of said county, added to the assessed value of the lands in the town of Loraine one dollar per acre; and added to the assessed value of lands in the township of Yorktown sixty cents per acre; and deducted from the assessed value of the lands in the township of Phœnix twenty-five cents per acre.

2. The town authorities of the town of Atkinson levied a bounty tax of five per cent, which the county clerk extended on the tax books of that year at three per cent. In Yorktown, the town authorities levied a bounty tax of three per cent for each of the years of 1865, 1866 and 1867, by a vote taken at the election held January 2, 1865. The town authorities of the township of Loraine levied a bounty tax of two per cent in 1865, and enough to raise $1,800 in 1866, and $1,400 in 1867.

The appellant introduced in evidence the list of delinquent lands presented by the county treasurer, to the County Court of Henry county, June 18, 1866, including the lands to which the objections applied.

The appellees, to maintain their objections to the rendition of judgment for taxes against their respective lands, proved, that the board of supervisors of Henry county, at their annual meeting in September, 1865, in equalizing the assessments returned by the assessors of the several townships, made the following change in the valuation of lands, for the year 1865, to wit: In the township of Loraine, they added to the assessed valuation of lands one dollar per acre; in Yorktown, sixty cents per acre; in the town of Phœnix, they deducted twenty-five cents per acre. That in the town of Yorktown, the bounty tax was three per cent, levied for the years 1865, 1866, 1867, by a vote taken at an election held on the 2d of January, 1865. That in the town of Atkinson, the town authorities levied a bounty tax of five per cent, for the year 1865, which the county clerk extended on the books at three per cent, with the intention of legalizing the same. That in Loraine, the electors levied a bounty tax of two per cent, for 1865, and enough to raise $1,800 in 1866, and $1,400 in 1867, by a vote taken at an election held January 23, 1865, which was all the evidence offered by either party.

Messrs. Hinman & Page, for the appellant.

Mr. Geo. W. Shaw, for the appellees.

Mr. Chief Justice Walker delivered the opinion of the Court:

These cases were, originally, applications by the county treasurer to the County Court for judgment against the lands of appellees for delinquent taxes remaining due and unpaid for the year 1865. On the trial in the County Court appellees appeared and resisted the rendition of the judgment. The objections were disallowed, and judgment was rendered against the lands for the taxes, interest and costs. The cases were removed to the Circuit Court by appeal, where a trial was had, and the objections sustained, and a judgment for the sale of the land refused. And, to reverse the judgment of the Circuit

Court, the cases are brought to this court by appeal. Both cases involve the same questions, and will be considered together.

The objections relied upon are, that in the towns of Phœnix, Yorktown and Loraine, the board of supervisors, at their annual meeting, in September, 1865, made changes in the assessed value of real estate in these towns, by adding one dollar per acre to the assessed value in Loraine; in Yorktown, sixty cents per acre, and in Phœnix, by deducting twenty-five cents per acre. Also, that the town authorities levied a bounty tax in the town of Atkinson, of five per cent on the assessed value of the property, and the county clerk extended a tax of but three per cent for that purpose. That the assessment is unequal and exorbitant, as compared with the value placed upon other lands. That the authorities in Yorktown levied a bounty tax of three per cent for the years 1865, 1866 and 1867, by a vote taken at an election held in January, 1865. And in Loraine a tax of two per cent was levied for the year 1865, and a sufficient tax to produce the sum of $1,800 in the year 1866, and $1,400 in 1867.

The first question presented is, whether the board of supervisors conformed to the requirements of the statute in equalizing the assessed value of the lands in these towns, by adding to, or deducting a specific sum from each acre of land in the town. The fifteenth section of the township organization law provides, that the board of supervisors shall, at their annual meeting in September in each year, "examine the assessment rolls of the several towns in their county, for the purpose of ascertaining whether the valuations of one town or district bear just relation to all the towns and districts in the county, and they may increase or diminish the aggregate valuation of real estate, by adding or deducting such sum upon the hundred, as may in their opinion be necessary to produce a just relation between all the valuations of real estate in the county." Sess. Laws of 1861, p. 243.

In framing this provision a word has no doubt been accidentally omitted after the word "hundred." Appellees contend

that in giving it a construction the word " acres " should be supplied, while appellant insists that it should be the word " dollars." We are of the opinion, that it is manifest that it was intended to require the sum to be added to, or taken from each $100 of the assessed value returned by the officer. By our Constitution and revenue laws, the assessment is designed to be based on valuation, thus producing equality of burthen by proportionate rate. The law requires the assessor to assess all property at its true value, and it presumes he has performed his duty as required by the law and his oath. It also designs, that this ratable burthen shall still exist after the equalization has been made. It is manifest, that by adding a certain sum to each acre, or hundred acres, the equality of burthen must be destroyed. Suppose that the assessor has returned property assessed at two-thirds of its value, and one dollar is added to each acre in the town, is it not apparent, that the acre of land valued at ten dollars would be assessed higher, according to its true value, than the acre assessed at thirty dollars.

By such a course the lower grades of land would by that means be assessed higher in proportion to its value than the more valuable lands. But when the same per cent, or sum, is added to each $100 of valuation, the relative proportion in the valuation is preserved, and the design of the law will be carried out, but otherwise it would be defeated. And for the same reason the deduction of a sum from each acre, or hundred acres, would produce similar results. We are of the opinion, that the board of supervisors were not authorized to make the equalization in the mode adopted.

It is conceded, that the town authorities in Atkinson had the power to levy a bounty tax of three per cent, but it is urged, that by exceeding their authority, and in levying five per cent, their action became void. It is a familiar principle, that in the exercise of delegated power, all acts within the scope of the authority will be sustained, where such acts can be separated from those in excess or outside of the power. But, when the acts within the power are so intimately connected with those outside of the power that they cannot be separated, then the

entire action of the agent or officer must fail. If it were conceded that the town could levy but three per cent for the given purpose, and that the additional two per cent was wholly unauthorized, still the levy and collection of the three per cent which was authorized could be enforced, independent of the additional levy of the two per cent. The latter could be rejected, and the former sustained. In extending this tax the clerk adopted this course, and rejected the two per cent as unauthorized, and extended a tax of three per cent, which all concede could be legally levied. It is manifest that it was levied, and because more was levied, it did not vitiate that legal and authorized levy. We perceive no weight in this objection.

It is insisted, that the town authorities had no power to vote a tax for more than one year at the same election. We do not propose to discuss this question, as it does not arise in this case. We are clearly of the opinion, that they had the power to vote the tax for the year of 1865, whether they could that for the two subsequent years or not, and the tax of the first year only is involved. If they exceeded their authority in voting a tax for the two latter years, it could in no wise affect this tax, which they were authorized to vote at their town meetings. When objection shall be made to the enforcement of the taxes voted for 1866, and 1867, it will be proper to pass upon their legality, but not till then.

But did the change in the assessment made by the board of supervisors, render the entire assessment of the real estate in those towns void, or was it only void *pro tanto?* Their action, we have seen, was unauthorized, and, being unauthorized, it could not alter, change or vitiate the legal acts of the assessors of those towns. Until legally changed or vacated, those assessments were binding on the tax payers. And, being so, the Circuit Court should have rendered judgment for the taxes due upon the assessments as made by the town officers. In those towns where the increase was made to the value of the land, a ratable amount of the tax equal to the increased value, should have been deducted from each tax extended on the collector's

books, and a judgment rendered for the balance. And in the town where the deduction was made from the valuation of each acre, the several kinds of taxes should have been increased in proportion to the deduction thus made, and judgment rendered for the true amount thus ascertained. The judgments of the court below in these cases are reversed, and the causes remanded.

*Judgments reversed.*