No. 4797.

CITY OF NEW ORLEANS *v.* Estate of D. F. BURTHE.

The defendant is sued on a tax bill on real estate, which tax bill was originally two and five-eighths per cent. but subsequently reduced to two per cent. The defense is, that the ordinance under which this suit is instituted, is in violation of two prohibitory laws, to wit: Act. No. 7, 1870, limiting plaintiff's right to tax to one and three-quarters per cent., and act 68 of same year fixing the limit at two per cent., wherefore, said ordinance is null and void; the two acts were approved on the same day.

It is clear that the demand being only for two per cent. is not in violation of act 68.

But it is contended by defendant that the tax of two per cent. claimed, being in excess of the authority conferred by act. No 7, limiting the taxing authority to one and three-quarters, can not be collected in whole or in part, while the plaintiff contends that the act No. 68, conferred the authority to collect the two per cent. claimed.

There is no absolute conflict between the two enactments. The first in order of the two acts is the City Charter, and confers on the City Council authority to levy an annual tax for the purposes of said act which should not exceed three-quarters of one per cent, *"provided,* it be sufficient to pay the interest on the consolidated debt and rail road bonds issued by the city of New Orleans." At the same time, there are other special statutes making it the duty of the city to levy and collect taxes known as the metropolitan tax and park tax, which are not mentioned in the designation of the taxes which, in the aggregate, should not exceed one and three-quarters per cent.

The act No. 68, need not be considered as a repealing or amending statute, but as fixing a limit in general terms to powers already conferred. If the city charter (act No. 7) were the only statute conferring authority to levy taxes, the defense set up might be good, but the "proviso" in said act implies that a higher rate might be necessary.

There are many other statutes conferring the authority and making it the duty of the city to levy certain special taxes, which, all taken together, exceed two per cent, as made out in the original bill against the defendant; but the city has remitted that excess and is now only seeking to collect the two per cent. The city can well remit the excess and demand what it has authority to impose.

APPEAL from the Superior District Court, parish of Orleans. *Hawkins*, J. *Geo. S. Lacey*, City Attorney, and *A. C. Lewis*, Assistant City Attorney, for plaintiff and appellee. *J. Livingston*, for defendant and appellant.

HOWELL, J. The tax bill against the defendant for 1870, due in 1871, on real estate, was made out at the rate of two and five-eighths per cent., but before the publication of the list of delinquent tax payers, which by law was a citation, this court decided in the case of State, ex rel. Board of School Directors *v.* Mayor et als., 23 An. 358, that the City was limited to a tax of two per cent. by section seven of act No. 42 of 1871, which is a re-enactment of section 8 of act 68 of 1870; whereupon the City Council adopted ordinance No. 870, (which was printed on the back of the said tax bill) remitting the excess of five-eighths, and the bill thus reduced, was then published. The defendant appeared in court and filed an answer, alleging that the ordinance under which the suit is brought is in violation of two prohibitory laws, to wit: Act No. 7 of 1870, limiting the plaintiff's right to tax to one and three-quarters per cent., and act No. 68 of same year, fixing the limit at two per cent. and is therefore void.

It is clear that the demand being only for two per cent. is not a vio-

32

lation of the second act, and we are to determine whether or not this demand can be enforced under the legislation of 1870.

The two acts were approved on the same day. It is contended by defendant that the tax claimed being in excess of the authority conferred by act No. 7, can not be collected in whole or part; while the plaintiff contends that the act No. 68 conferred the authority to collect the two per cent claimed.

In the cases of the School Board, 23 An. 358, above cited, and of the City v. Crescent Mutual Insurance Company, 25 An. 390, the right of the City to collect to the extent of two per cent. was recognized, and perhaps we might well consider the question settled. But as there is no absolute conflict between the two enactments it is not out of place to examine them in this connection. The first in order of the two acts is the city charter, and confers on the Council authority to levy an annual tax for the purposes of said act, which added to certain specified special taxes, required by the laws which created the debts, should not exceed one and three-quarters per cent., "provided it be sufficient to pay the interest on the consolidated debt and rail road bonds issued by the City of New Orleans," these being the special taxes above referred to. At the same time there were other special statutes, making it the duty of the city to levy and collect taxes known as the metropolitan tax and park tax, which were not mentioned in the designation of the taxes which in the aggregate should not exceed one and three-quarters per cent. In this state of legislation it is a reasonable construction to hold, that the general law No. 68, limiting the taxing power of city and municipal corporations to two per cent., was intended to restrict the taxes, for all the objects for which the city was required to assess a tax, to two per cent. The act No. 68 need not be considered as a repealing or amending statute, but as fixing a limit in general terms to powers already conferred. If the city charter (act No. 7) were the only statute conferring authority to levy taxes, the argument of defendant might be good, but that the proviso in act No. 7 implies that a higher rate might be necessary.

We find, however, that there are many other statutes conferring such authority and making it the duty of the city to levy certain special taxes, which all taken together exceed two per cent., as made out in the original bill against defendant, but under the decision of this court, as already stated, the city remitted that excess and is now seeking only to collect the two per cent.

We are of opinion that the demand is legal. The authorities cited by defendant upon the excess or abuse of authority, refer to sales made for excessive taxes. The principle is different where the tax is in process of collection. The portion that is authorized may be collected.

City of New Orleans v. Estate of Burthe.

See 43 Ill. 456. The city can well remit the excess and demand what it has authority to impose.

The defendant objects further, that he can not legally be required to pay a tax levied to meet a debt, which existed before the territory where his property is situated was annexed to the city of New Orleans.

This question was settled adversely to defendant, in the case of Layton v. City of New Orleans, 12 An. 515, and confirmed in Wallace v. Shelton, 14 An. 505. We can see no reason to disturb it.

Judgment affirmed.

Rehearing refused.