## W. F. COOLBAUGH *et al.*

*v.*

## LOUIS C. HUCK *et al.*

TAXATION—*jurisdiction of county board to increase appraisement.* The county board, in counties under township organization, has no jurisdiction to increase the valuation of personal property for taxation, except such as is assessed after the fourth Monday of June, the time fixed for reviewing the assessment by the assessor, town clerk, and supervisor. If such board attempts to increase the valuation of property assessed before that time, its action will be void, and the taxes levied on the increased valuation will be enjoined.

APPEAL from the Superior Court of Cook County; the Hon. SAMUEL M. MOORE, Judge, presiding.

This was a bill of complaint, exhibited by W. F. Coolbaugh, J. W. Odell, and C. T. Wheeler, against Mark Kimball, acting collector of taxes of town of South Chicago, L. C. Huck, county treasurer of Cook county, and the Union National Bank, seeking to enjoin a certain proportion of their taxes levied for the year 1876, against the shares of the capital stock of the Union National Bank owned by the complainants, the complainants tendering payment of all except that portion alleged to be void for illegality.

The *gravamen* of the bill is, that the shares of the bank were included in the assessment made by the assessor for the town of South Chicago, at a valuation fixed at $34 per share, and that the county board at its July meeting, without authority of law, without complaint, and without notice, raised the valuation from $34 to $40.80 per share, to which the State board added fifty-five per cent. The assessment is claimed to be illegal as to $10.54 per share, being the original increase of $6.80, with fifty-five per cent added.

The answers insist that the county board were duly authorized to raise the valuation ; that complaint was made, which is set forth in full ; and that notice was given, which notice is also set forth.

The cause was heard on bill, answers, replications, and statement of facts, and the bill dismissed for want of equity, from which an appeal was prayed to this court.

The following is the statement of facts, which is made part of the record by a certificate of evidence :

" It is hereby agreed as a statement of facts to be used upon the hearing of the above entitled cause :

" That the Union National Bank is a corporation created under the law of Congress, commonly known as the National Bank or National Currency Act, and located and doing business in the town of South Chicago, county of Cook, and State of Illinois.

" That the capital stock of said Union National Bank is one million of dollars, divided into shares of one hundred dollars each, of which the complainant Coolbaugh holds 4,320 shares, the complainant Wheeler 50 shares, and the complainant Odell 150 shares, and did so hold throughout 1876.

. " That throughout the year 1876, 1,950 shares of said capital stock were held by persons residing in the county of Cook and State of Illinois, other than said complainants, and 3,550 shares by non-residents of said State.

" That said shares were placed at the valuation, and their value fixed for purposes of taxation for the year 1876, by the assessor of the town of South Chicago, in the assess-

ment roll for 1876, at $34 per share, prior to the fourth Monday of June, 1876, and said assessment roll included all the shares of the capital stock of said bank, and formed part of the property in the assessment for that year, which was submitted on the fourth Monday of June, A. D. 1876, to the town board of South Chicago, consisting of the assessor, clerk, and supervisor of said town, which met on that day in accordance with section 86 of chapter 120 of the Revised Statutes of 1874, for the purpose of reviewing the assessment of property in said town, and that said town board did not change the valuation of said shares, nor was any complaint made to them to do so.

" That the county board of Cook county, at their meeting commenced on the second Monday of July, 1876, as by law provided, raised the valuation of the shares of the capital stock of said bank $6.80 per share, making the valuation of each share $40.80, instead of $34, which valuation was subsequently raised by the State Board of Equalization fifty-five per cent, which made said valuation stand at $63.24 per share, instead of $52.70 per share, which would have been the valuation if fifty-five per cent had been added to the $34, the valuation per share originally fixed — the $6.80 per share added by the county board being raised to $10.54 per share by the raising by the State board of all personal property in Cook county fifty-five per cent.

" That the rate of taxation of the State, county, town, city, and South Park taxes subsequently levied, on the valuation of $63.24 per share, on the shares of said capital stock was 3.61 92 (say 3.62).

" That the taxes so levied as against the shares of the complainant Coolbaugh were increased by the raising of the valuation of said shares by the county board, $1,595.11 (that being the amount of said taxes at 3.62 on the added valuation of $10.54 per share).

" That the increase as against complainant Wheeler's shares was $19.07, as against complainant Odell's $57.21.

" That the increase as to the shares of residents other than complainants was $743.73, and as to non-residents $1,353.97.

" The increase upon all the shares being $3,769.09, that being the result of raising the valuation $10.54 per share as aforesaid.

" That prior to raising the valuation of the shares, the complaint set forth in the affidavit of John Comiskey was made to said board, which affidavit it is agreed may be taken as if a deposition in this case, and is as follows (title, etc., omitted):

" ' John Comiskey, being duly sworn, says he is a deputy county clerk of Cook county, Illinois, and the acting clerk of the county board of said county, and has been such deputy county clerk and acting clerk of said county board for nearly two years last past; that heretofore, to wit, on the 14th day of August, 1876, a complaint was made to and filed with said county board, with reference to certain assessments for the year 1876, and the following is a copy of the same, so far as it relates to the complainants in the above entitled cause:

" ' *Chicago, August 14th, 1876.*
" ' *To the Board of Commissioners of Cook County:*

" ' We, the undersigned tax payers and property owners of the county of Cook and State of Illinois, would respectfully show to your honorable board that our real and personal property in the said county has been assessed for the year 1876, and in view of the valuation put upon our property and returned by the assessor for 1876, we consider ourselves aggrieved, and complain that the personal property of the following named persons, firms, and corporations has been assessed too low for said year 1876, to wit: ' Shareholders Union National Bank.'

" ' We therefore ask your honorable board to review the assessment for 1876, of said persons, firms, and corporations, and correct the same as shall appear to be just.

" ' JOHN GARRICK,
" ' THEOPILUS E. GUERAULT,
" ' MAX SCHULLER,
" ' J. LENZ.'

604    COOLBAUGH *et al. v.* HUCK *et al.*    [Sept. T.

Opinion of the Court.

" That said complaint was the basis for the action of the said county board, in raising the valuation fixed by the town assessor of the property of said complainants, and described in the bill of complaint in this cause.

" That included in said complaint with ' the shareholders of the Union National Bank,' and in addition thereto, were the names of a large number of corporations and individuals, as thereby complained against."

The court below dismissed the bill, and that ruling is assigned for error.

Messrs. FULLER & SMITH, for the appellants.

Mr. JOHN M. ROUNTREE, for the appellees.

Mr. CHIEF JUSTICE SCHOLFIELD delivered the opinion of the Court:

Where an assessment of personal property is made by the local assessor at a certain valuation, and the amount is subsequently increased by persons acting without lawful authority, it is held that injunction will lie to restrain the collection of taxes upon the increased valuation. *Cleghorn* v. *Postlewaite et al.* 43 Ill. 428 ; *Darling* v. *Gunn et al.* 50 id. 424 ; *McConkey* v. *Smith*, 73 id. 314 ; *National Bank of Shawneetown* v. *Cook et al.* 77 id. 623.

Here, the shares of stock were assessed by the town assessor at $34 per share, and this assessment was before the board of town auditors on the fourth Monday of June when they met for reviewing assessments. No complaint was then made that it was too low, and it was not disturbed by that board.

The county board, however, at their meeting commencing on the second Monday of July, increased the valuation fixed by the local assessor $6.80 per share of stock.

Had this board jurisdiction, under the circumstances, to act upon complaint that the valuation of the shares of stock by the town assessor was too low?

Section 86 of the Revenue Act (Rev. Laws 1874, p. 871) is: " In counties under township organization, the assessor, clerk, and supervisor of the town shall meet on the fourth Monday of June, for the purpose of reviewing the assessment of property in such town. And on the application of any person considering himself aggrieved, or who shall complain that the property of another is assessed too low, they shall review the assessment and correct the same as shall appear to them just. No complaint that another is assessed too low shall be acted upon until the person so assessed, or his agent, shall be notified of such complaint, if a resident of the county.   *   *   *   Property assessed after the fourth Monday of June shall be subject to complaint to the county board, subject to the rules specified in this section."

The 97th section provides: " The county board, at a meeting to be held for the purpose contemplated in this section, on the second Monday in July, annually, after the return of the assessment books, shall   *   *   *   second, on the application of any person considering himself aggrieved, or who shall complain that the property of another is assessed too low, they shall review the assessment and correct the same as shall appear to be just. No complaint that another is assessed too low shall be acted upon until the person so assessed or his agent shall be notified of such complaint, if a resident of the county."

Considering this in connection with the latter clause of section 86, it would seem its sole object is to provide for a review of those assessments which are made after the fourth Monday of June. It does not appear that it was designed the county board was to have any appellate jurisdiction in this respect; nor do we think it was contemplated there should be two opportunities afforded for the review of all assessments. See, also, *McConkey* v. *Smith, supra.* This question was not before the court in *Adsit* v. *Lieb et al.* 76 Ill. 198, and the only purpose there in quoting these sections was to clearly show that all tax payers have a

remedy at law for the correction of excessive valuations by local assessors, which remedy Adsit had not chosen to avail himself of.

The county board having no jurisdiction, the increased valuation which they attempted to impose must be disregarded, and the tax thereon assessed should be enjoined.

The decree is reversed and the cause remanded.

*Decree reversed.*