THE WORKINGMEN'S BANKING COMPANY *et al.*

*v.*

PHILIP WOLFF, Collector.

*Filed at Mt.Vernon June 19, 1894.*

1. TAXATION—*county board—reviewing, reducing or increasing the assessment.* Under section 86 of the Revenue law, as amended in 1891, the power of the county board to review and reduce assessments on complaint of individual property owners, so far as it applies to assessments made prior to the fourth Monday of June, is purely appellate, and can arise only when an appeal has been taken in the manner prescribed by the amendatory act. Any attempt by the county board to reduce an assessment made prior to the fourth Monday of June, except on appeal from the town board of review, is without legal authority, and inoperative and void.

2. Where the county board attempts to reduce assessments on complaints presented to it in the first instance, and not on appeal from the township board of review, its action will be ineffectual, and such attempted reduction will not authorize an addition to the assessment of the personal property of a town to make up the alleged deficiency caused by such attempted reduction.

3. While a county board may equalize assessments, it has no power to raise or reduce the assessment above or below the amount returned by the assessors, and if the aggregate assessment is raised above that amount, the collection of the increased taxes on such assessment may be enjoined in a court of equity.

4. If a county board acts illegally in changing assessments, its action will not vitiate or change the legal acts of the assessors of the towns, and until legally changed or vacated, the assessments are binding on the tax-payers.

5. SAME—*county board—jurisdiction prior to 1891.* As the Revenue law stood prior to the amendment of June 17, 1891, county boards, in counties under township organization, had no appellate jurisdiction over the action of township boards of review, and no original jurisdiction to hear complaints of persons aggrieved by the assessment of their property, except in case of property assessed after the first Monday of June.

APPEAL from the Circuit Court of St. Clair county; the Hon. A. S. WILDERMAN, Judge, presiding.

Messrs. WISE & McNULTY, for the appellants:

Where an assessment of personal property is made by the local assessor at a certain valuation, and the amount is subsequently increased by persons without lawful authority, injunction will lie to restrain the collection of the taxes upon the increased valuation. *Glasford* v. *Dorny*, 2 Bradw. 521; *Cleghorn* v. *Postlewaite*, 43 Ill. 428; *McConkey* v. *Smith*, 73 id. 313; *Bank* v. *Cook*, 77 id. 623; *Sivwright* v. *Pierce*, 108 id. 133; *Darling* v. *Gunn*, 50 id. 424; *Kimball* v. *Trust Co.* 89 id. 611.

All the property of the town of East St. Louis was assessed before the fourth Monday in June, 1892, by the local assessor. The town board of review met on the fourth Monday of June, and heard complaints, overruled the objections and sustained the local assessor. The county board, when it met, could only raise the assessments in two instances: First, when the property had been assessed after the fourth Monday of June; (*Coolbaugh* v. *Huck*, 86 Ill. 600;) second, when the owner had made application to the town board to have his assessment revised, and had given notice in writing to said town board that he would appeal from the decision to the county board. Rev. Stat. chap. 120, sec. 86.

The assessment made by the local assessor, and sustained by the town board, was the assessment for the township of East St. Louis, and when the county board attempted to revise the assessment by hearing the complaints and objections of persons who never gave notice in writing to the town board

that they would appeal from its decision, and, acting on such complaints and objections, revised the assessment by making reductions to the amount of $589,984 on East St. Louis property, their action was illegal. They had no power to hear and revise the assessments by making such reductions. *Coolbaugh v. Huck,* 86 Ill. 600.

Their subsequent action in attempting to equalize by adding to East St. Louis property $596,300, was also illegal. *Kimball v. Trust Co.* 89 Ill. 611.

All the personal property in the county being assessed at twenty-five per cent of its real value, the county board, in raising the assessment one hundred per cent on complainants' and other personal property in East St. Louis township, and not raising the assessment on personal property in other townships in the county, violated the constitutional requirement of uniformity in taxation, and made the raise or excess illegal. *Bureau County v. Railroad Co.* 44 Ill. 229; *Pelton v. Bank,* 101 U. S. 143; *Cummings v. Bank,* id. 153; *Railroad Co. v. Boone County,* 44 Ill. 240; *Law v. People,* 87 id. 385.

The board's action, instead of equalizing, produced an inequality. *Trust Co. v. Heston,* 83 Iowa, 378.

The aggregate valuations, as made by the assessors of the several towns, were $13,141,422. This was raised to $13,153,000, or a raise of $11,580 over the aggregate assessments, making a raise of nearly nine-tenths of one per cent. In *Buck v. People,* 78 Ill. 560, a raise of a trifle over one-fourth of one per cent was sustained, but surely this large increase was unnecessary, and consequently illegal.

If the county board deemed the assessment of the township of East St. Louis as unequal,—too high or too low,—they should have ordered a new assessment, and instructed the assessor whether to increase or diminish the assessment. (Rev. Stat. chap. 120, sec. 97.) The county board could not usurp the province of the assessor, and practically make a new assessment, as they did.

Mr. M. W. Schaefer, State's Attorney, for the appellee:

It is contended by appellants, that "when an assessment of personal property is made by the local assessor at a certain valuation, and the amount is subsequently increased," etc., injunction will lie,—citing a number of authorities. In answer to this we claim that the decisions do not meet the facts in this case, as there was no alteration or increase of individual assessments of the appellants; and furthermore, the decisions have been overruled in *Humphreys* v. *Nelson*, 115 Ill. 45.

There is no requirement of our statute, and no decision of any court, that requires any notice, to give the county board, at its July session, sitting as a board of equalization, power and jurisdiction to act. The Revenue act of our statute alone prescribes the duty of the county board when it is acting as a board of equalization.

The law is a public one, which prescribes the duties and designates the time of meeting of the board, and all citizens are bound to take notice of it. *Adsit* v. *Lieb*, 76 Ill. 198; *Porter* v. *Railroad Co.* id. 561.

This is all the notice required by the statute, and it is "due process of law," within the meaning of that term, so far as it is applicable to questions involved in the exercise of the power of taxation. *McMillen* v. *Anderson*, 95 U. S. 37; *State Railroad Tax cases*, 92 id. 575; *Kentucky Railroad Tax cases*, 115 id. 521.

If a board of supervisors acts illegally in changing assessments, it will not vitiate, alter or change the legal acts of the assessors of the towns. Until legally changed or vacated their assessments are binding on tax-payers. *State* v. *Allen*, 43 Ill. 456.

These appellants, before they can have any standing in a court of equity, must first do equity. They should have paid the amount due according to the original assessment, or tendered it to the collector. This is not alleged in the bill of

complaint, and does not appear in the testimony.   The allegation that they are ready and willing to pay is not sufficient.

Mr. Justice Bailey delivered the opinion of the Court:

This was a bill in chancery, brought by the Workingmen's Banking Company and various other parties, all tax-payers of the town of East St. Louis, in St. Clair county, against Philip Wolff, town collector, and Arthur W. Herr, county treasurer, to restrain the collection of a portion of the taxes assessed upon the personal property of the complainants for the year 1892.   The facts appearing by the pleadings and proofs are, in substance, as follows:

In the year 1892, the personal property of the complainants was assessed by the township assessor, the assessment of not only their property, but of all the property in the township, being completed and returned by the assessor prior to the fourth Monday of June of that year.   The valuations placed upon the complainants' property were satisfactory to them, and at the meeting of the town board of review, which convened the fourth Monday of June, 1892, the complainants, by their agent, went before the board for the purpose of ascertaining whether any complaints had been filed by other parties that their assessments were too low, but found none, and no change in the assessments was made by the town board.   The complainants, by their bill, allege and admit, that they were each satisfied with the assessments so made and confirmed, and are ready and willing, and by their bill offer, to pay the taxes extended upon the assessment of their personal property so made by the assessor.

Several other persons, however, appeared before the town board and filed objections to the assessments against their property, but those objections were all overruled, and the assessment for the town was returned to the county clerk precisely as made by the township assessor.   It does not appear that any of the parties filing objections to their assessments,

gave notice in writing to the town board, that they would appeal from its decision to the county board.

The county board met on the second Monday of July, as provided by statute, and at that meeting, the matter of the equalization of the assessments made by the various township assessors of the county came before the board. A large number of objections and complaints in respect to individual assessments were presented to the board by various of the parties assessed. The objections and complaints thus presented embraced most if not all those which had been filed before the town board, together with many others which seem to have been presented to the county board in the first instance. These various individual complaints, as well as the matter of equalizing the assessments between the towns, were referred by the board to its committee on equalization, and that committee afterwards submitted its report, in which it stated, among other things, that a large number of appeals from the different boards of review had come before it, and that the several complaints made had been investigated, and that the committee had spent one day in East St. Louis, in order to personally inspect the several tracts of land where complaints as to the assessments had been filed, and the committee found it necessary, and were compelled, in order that justice might be done, and that the assessment might be properly equalized, to make several sweeping reductions. The committee thereupon recommended a large number of reductions in the assessments upon particular tracts of land, some of the reductions being of very large amounts. Most of the tracts upon which the assessments were thus reduced were situate in the town of East St. Louis. The total amount of reductions thus made on complaint of individual owners of the tracts of land assessed was $649,049. Other reductions were recommended of certain rates per cent upon the assessments of the lands and town lots in various towns of the county, sufficient to increase the aggregate reductions to $773,375.

To balance these reductions, so as not to reduce the aggregate assessment of the county, an addition was made of various rates per cent to the assessed valuation of the lands and town lots in various of the towns in the county, and it was further recommended that an addition of one hundred per cent be made to the assessment of the personal property in the town of East St. Louis, the aggregate of the last item of increase being $345,065, and the aggregate of all the increase in the various assessments thus recommended being $784,702. The report of the committee on equalization was adopted by the county board, and the taxes for the year 1892, were subsequently extended upon the assessment as thus equalized. In this way the taxes upon the complainants' personal property for that year were doubled, and the present bill was brought to enjoin the collection of the taxes extended upon the increased valuation thus placed upon their property.

The cause was heard in the court below on pleadings and proof, and at such hearing, a decree was rendered dismissing the bill for want of equity. To reverse that decree, the complainants have appealed to this court.

It is contended that the county board, in sustaining the complaints of individual property-owners and reducing their assessments, acted without jurisdiction or lawful authority, and, consequently, that such reductions in the assessments were void, and it is argued that the increase of the assessment upon the personal property in East St. Louis one hundred per cent—an increase necessitated and justified only by such reduction—was also void.

As the revenue law stood prior to the amendment of June 17, 1891, (Laws of 1891, page 187,) county boards in counties under township organization, had no appellate jurisdiction over the action of township boards of review, and no original jurisdiction to hear complaints of persons aggrieved by the assessment of their property except in case of property assessed after the first Monday in June. By section 86, of

32—150 ILL.

chapter 120, of the Revised Statutes, as that section stood prior to the amendment, town boards, in counties under township organization, were required to meet on the fourth Monday in June, for the purpose of reviewing the assessment of property in their towns, and they were authorized and required, on application of any person considering himself aggrieved, or who should complain that the property of another was assessed too low, to review the assessment, and correct the same as should appear to be just. And it was further provided that property assessed after the fourth Monday in June should be subject to complaint to the county board, under the same rules prescribed in that section. No provision, however, was made in that section, or in any other portion of the statute so far as we are aware, for an appeal from the determinations of the township boards to the county boards.

By section 97, the powers and duties of the county board are prescribed. These are, in brief, (1) to assess all such lands or lots as have been listed by the county clerk, and not assessed by the assessor; (2) "On the application of any person considering himself aggrieved, or who shall complain that the property of another is assessed too low, they shall review the assessment, and correct the same, as shall appear to be just;" (3) to hear and determine the application of any person who is assessed on property claimed to be exempt from taxation; and (4) to equalize the assessments between the several towns of the county. The power granted to county boards under the second of these specifications, as held in *Coolbaugh* v. *Huck,* 86 Ill. 600, is limited to assessments made after the fourth Monday of June, that is, after the town board of review has commenced its session, no power being given county boards to review individual assessments made prior to that date.

By the amendatory act of June 17, 1891, it is provided that property assessed after the fourth Monday of June, and all other property whereof the owner or his agent has made ap-

plication to the town board to have the assessment on the same revised as provided by section 86, and has given notice in writing to the town board that he will appeal from its decision to the county board, shall be subject to complaint to the county board, and the county board shall revise and correct the assessment, and if it shall appear that it has been assessed higher in proportion than other lands in the same neighborhood, the county board shall revise and correct the same, and make such reduction as shall be just and right.

Under this section, it is plain, that the power of the county board to review and reduce assessments on complaint of individual property owners, so far as it applies to assessments made prior to the fourth Monday of June, is purely appellate, and can arise only where an appeal has been taken in the manner prescribed by the amendatory act. It follows that any attempt by the county board to review or reduce individual assessments made prior to the fourth Monday of June, except on appeal from the town boards of review, is without legal authority, and is consequently inoperative and void.

In the present case, it affirmatively appears, that a large number of the complaints upon which the assessments were reduced, were presented to the county board in the first instance, and in those cases where applications had been made to the town board for a review of the assessment, it does not appear that any appeal was taken or prosecuted from the decision of the town board, in the manner prescribed by the statute, but the evidence seems to show affirmatively that in those cases, the same complaints were renewed before the county board, without the formality of taking an appeal. Such being the case, it is difficult to see upon what principle the action of the county board in reducing the assessments upon such complaints to the aggregate amount of $649,049 can be sustained. The county board having no power to make these reductions, its attempt to do so was ineffectual, and there was therefore no valid reduction of the aggregate assess-

ments of the county which necessitated or justified the addition of one hundred per cent to the assessment of the personal property in the town of East St. Louis.

If a county board acts illegally in changing assessments, its action will not vitiate or change the legal acts of the assessors of the towns, and until legally changed or vacated, the assessments are binding on the tax-payers. *State* v. *Allen*, 43 Ill. 456. It follows that the assessments which the county board have attempted, without authority, to reduce, remain unaffected by their action. By the provisions of section 97 of the Revenue Act, the county board, in equalizing the assessment, was expressly prohibited from reducing the aggregate valuation of all the towns below that fixed by the township assessors, and they were also prohibited from increasing the aggregate, except in such amount as might be actually necessary to a proper and just equalization. But the assessments which the board had attempted to reduce being unaffected by their action, the aggregate produced by the addition of one hundred per cent to the personal property assessment of East St. Louis, is greatly increased above that produced by the original assessments.

In *McConkey* v. *Smith*, 73 Ill. 313, it was held that a county board may equalize assessments, but has no power to raise the assessment beyond the amount returned by the assessors, and if it does so, the collection of the assessment will be enjoined by a court of equity. Upon this principle, we think that the complainants are entitled to an injunction restraining the collection of the taxes extended upon the increased valuation of their personal property.

For the foregoing reasons, the decree will be reversed, and the cause will be remanded, for further proceedings in conformity with this opinion.

*Decree reversed.*