WILLIAM J. CARNEY

*v.*

THE PEOPLE OF THE STATE OF ILLINOIS.

*Opinion filed June 23, 1904.*

1. EVIDENCE—*what does not sustain a judgment for unpaid personal tax.* In an action of debt for personal property taxes, if the county collector's return is not in evidence the liability may be shown by proving the assessment, extension of the taxes and their non-payment; but the return of the town collector, coupled with the testimony of a clerk in the county treasurer's office that books showed the taxes to be unpaid, is not sufficient to sustain a judgment.

2. PLEADING—*declaration in action of debt for taxes must show liability.* Liability for taxes is statutory, and a declaration in action of debt for taxes must state facts from which the legal liability, under the statute, results as a conclusion of law.

3. TAXES—*personal property of broker is assessable at his place of business.* Under section 13 of the Revenue act the personal property of a broker which he employs in his business is to be listed and assessed in the town where the business is carried on.

4. SAME—*what not an increase of individual assessment.* If a person does business as a broker in a firm name implying an association of persons, the property employed in the business is properly assessed to the ostensible partnership, and an original assessment thereof by the board of review in the partnership name cannot be regarded as an increase in the broker's individual assessment.

5. SAME—*when tax-payer's right to be heard is not violated.* The right of a tax-payer to be heard upon the correctness of the valuation of his property for assessment is sufficiently protected by a provision for a hearing after the assessment has been made, and a general statute fixing the time for such hearing is sufficient notice to the tax-payer.

6. SAME—*notice to owner of original assessment by board of review is necessary.* In case of an original assessment by the board of review there must be notice to the property owner and an opportunity for a hearing of some description, as a condition precedent to charging him with a tax. (*Wabash, St. Louis and Pacific Railway Co.* v. *Johnson*, 108 Ill. 11, distinguished.)

7. SAME—*board of review, in making an original assessment, must list property.* In making original assessments the board of review is required to proceed as an assessor would, and to make a list of the property assessed, setting down in the column opposite the separate kinds of property the assessed value thereof, and has no power to assess a lump sum as the value of all the property of a tax-payer.

APPEAL from the Circuit Court of Cook county; the Hon. F. A. SMITH, Judge, presiding.

NEWMAN, NORTHRUP, LEVINSON & BECKER, for appellant.

JAMES H. WILKERSON, County Attorney, WILLIAM F. STRUCKMANN, and FRANK L. SHEPARD, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

This is an action of debt brought by the People of the State of Illinois against William J. Carney, under section 230 of the Revenue act, (Hurd's Stat. 1899, p. 1433,) to recover taxes alleged to be due and unpaid upon an assessment of his personal property for the year 1899. The declaration alleged an indebtedness of $507.20 for general taxes levied against defendant upon an assessment of his personal property in the town of South Chicago, and averred that the defendant, on the first day of April, 1899, and for a long time prior thereto, was a resident of said town, and was the owner of and had therein in his possession and control personal property there subject to assessment for the purpose of taxation. A plea of *nil debet* was filed and the issue was submitted to a jury, resulting in a verdict for the amount of the taxes. The court, after overruling motions for a new trial and in arrest of judgment, entered judgment on the verdict.

At the close of all the evidence the defendant asked the court to instruct the jury to return a verdict in his favor, but the court denied the motion, and that ruling presents all the material questions in the case.

The evidence on the part of the plaintiff consisted of the warrant issued by the county clerk of Cook county to the collector of the town of South Chicago for the collection of taxes extended upon an assessment against the property of W. J. Carney & Co.; the return of said town collector of said taxes as delinquent, showing that they remained unpaid; the testimony of the witness who produced and identified the warrant and return, that the taxes had never been paid but that he had no knowledge that they were due and unpaid except what the book containing the return showed, or, in other words, that the book showed they were unpaid; and evidence that the defendant was doing a lumber commission business in the town of South Chicago under the name of W. J. Carney & Co. It was stipulated that the assessment was an original one made by the board of review against W. J. Carney & Co., doing business at 244 South Water street, in Chicago, on a valuation of $40,000 and an assessed value of $8000. It was proved on the part of the defendant, and not disputed, that he resided in the town of Hyde Park, in Cook county, on and prior to April 1, 1899; that he was assessed on property there valued at $2000, the assessed value being $400; that he paid the taxes levied thereon to the town collector, and that he had no notice from the board of review relating to his assessment for that year or an increase of the same.

The court held that the return of the town collector was made *prima facie* evidence that the taxes were due and unpaid, by the section of the statute under which the suit was brought. This was an error. That section provides that the return of the county collector that taxes are delinquent shall be *prima facie* evidence that they are due and unpaid, but the fact may be proved by

. other competent testimony. Section 169 provides for a return by the town collector with a detailed statement of the taxes he has been unable to collect, and section 181 provides that county collectors shall then have the same powers and proceed in the same manner with the collection of taxes on real or personal property as the town collector. Section 144 provides that the county treasurer shall be *ex officio* county collector, and section 231 provides for a return by the county collector to the county clerk, with a statement in writing setting forth in detail the name of each person charged with a personal property tax which he has been unable to collect. The taxes are finally delinquent when the county collector has failed to collect them by some of the methods provided by the statute, and it is his return that is made *prima facie* evidence that the taxes are due and unpaid. The testimony of the witness from the county treasurer's office added nothing to the book, as what it showed was apparent without his testimony. If the return of the county collector is not in evidence, the liability may be shown by proving the assessment, the extension of the taxes and their non-payment. (*Ottawa Gas Light Co.* v. *People*, 138 Ill. 336.) The evidence was not legally sufficient to authorize a judgment. In the cases of *Carrington* v. *People*, 195 Ill. 484, and *Elmwood Cemetery Co.* v. *People*, 204 id. 468, the suits were for taxes on property forfeited to the State for want of bidders, and a different provision of section 230 was applicable.

The declaration averred that the defendant resided in the town of South Chicago and that he had the property there subject to taxation, while the proofs showed that he resided in the town of Hyde Park. The liability for taxes is statutory, and the declaration must aver facts which show liability under the statute and the right of plaintiff to recover. It must state the facts from which the legal liability results as a conclusion of law. (*People* v. *Davis*, 112 Ill. 272; *Ottawa Gas Light Co.* v. *People*,

*supra.*) The facts alleged in the declaration would create a legal liability of the defendant to assessment and taxation on his property in the town of South Chicago as his residence. Personal property is ordinarily to be assessed at the residence of the owner, but it is competent for the legislature to provide for the assessment of such property where it is located, and section 13 of the Revenue act provides that the personal property of brokers shall be listed and assessed in the town where their business is carried on. . The facts proved were, that the defendant was a broker in the lumber trade in the town of South Chicago, where he did not reside, and that the property employed in that business was therefore assessable where the business was carried on. There was a clear variance between the declaration and the evidence, and the question was properly raised on the trial. The ruling on that subject was erroneous.

It is also urged that the tax was illegal because the assessment was an increase of the assessment of defendant's property without the notice to him required by section 34 of the act of 1898, for the assessment of property. (Hurd's Stat. 1899, p. 1444.) The assessment was an original one made by the board of review, and the statute does not, in terms, provide for notice in a case of that kind. Defendant was assessed on his individual property in the town of Hyde Park, where he resided, but the assessment was against the firm of W. J. Carney & Co., a brokerage firm in the town of South Chicago. Defendant was engaged in the business of negotiating sales of lumber in the firm name, and was therefore a broker under that name. (*Braun* v. *City of Chicago*, 110 Ill. 186.) The firm name indicated a partnership or an association of individuals. In the case of a partnership, the members may be assessed individually for their interest unless the statute lays down a different rule, but our statute provides for assessing the property to the partnership and the listing of it by a partner or agent. If the

defendant chose to do business under the name of a partnership, the property employed in the business would be properly assessed to the ostensible partnership. The firm name gave no notice of sole individual ownership, but, on the contrary, implied an association of persons, and an assessment against the firm cannot be regarded as an increase of defendant's individual assessment.

Although an assessment is an original one, the authorities are uniform that there must be notice to the property owner, either actual or by the law, and an opportunity for a hearing of some description, as a condition precedent to charging him with a tax. In *Wabash, St. Louis and Pacific Railway Co.* v. *Johnson*, 108 Ill. 11, it was held that notice was not required of an original assessment of personal property by a town assessor, but in that case the statute provided for notice and a review of the assessment, which is all that is ever required. Under the statute then in force there was a review of the assessment by the town board at a time fixed by the statute upon the application of any property owner considering himself aggrieved. The assessment might then be reviewed and corrected, with a right of appeal to the county board. If the property was assessed after the meeting of the town board there was a right of review by the county board. On the question of the constitutional right to notice and a hearing Judge Cooley says: "We should say that notice of proceedings in such cases and an opportunity for a hearing of some description were matters of constitutional right. It has been customary to provide for them as a part of what is 'due process of law' for these cases; and it is not to be assumed that constitutional provisions, carefully framed for the protection of property, were intended or could be construed to sanction legislation under which officers might secretly assess one for any amount, in their discretion, without giving him an opportunity to contest the justice of the assessment. It has often been very pointedly

and emphatically declared that it is contrary to the first principles of justice that one should be condemned unheard; and it has also been justly observed of taxing officers, that 'it would be a dangerous precedent to hold that any absolute power resides in them to tax as they may choose, without giving any notice to the owner; it is a power liable to great abuse;' and it might safely have been added, it is a power that under such circumstances would be certain to be abused. 'The general principles of law applicable to such tribunals oppose the exercise of any such power.' This being the case, it is not to be supposed that the legislature in any doubtful language has undertaken to confer it. All reasonable presumptions in construction should favor justice and right. It is not customary to provide that the tax-payer shall be heard before the assessment is made, but a hearing is given afterwards, either before the assessors themselves or before some court or board of review. And of the meeting of that court or board the tax-payer must in some manner be informed, either by personal notice or by some general notice which is reasonably certain to reach him, or, which is equivalent, by some general law which fixes the time and place of meeting and of which he must take notice. The last is a common method of enabling him to be heard." (Cooley on Taxation, 266.)

Where a tax assumes the form of a license fee or a fixed sum, a hearing as to value is, of course, useless; but if the tax is levied on property according to its value, the officers fixing the value act judicially, and it is essential to the security of the person assessed that he should have a hearing on that question. But a law prescribing a time when complaints will be heard before the board of review is all the notice that is required. (*Hagar v. Reclamation District,* 111 U. S. 701.) If the law secured to the defendant a hearing after the assessment was in fact made, of which he had notice by the statute, that would be sufficient. In the case of an assessment by the

board of assessors, section 23 of the act provides for a meeting, at which the board, upon application of any tax-payer, may revise and correct his assessment. By section 29 it is provided that the assessment list shall be published, and by subsequent sections the right to a hearing before the board of review is secured. The board of review is authorized to assess all property subject to assessment which shall not have been assessed by the assessors, and are to hear the complaints of persons who have been assessed, and these duties are to be performed during the same period of time. By section 35 it is provided that the complaint of the person assessed shall be made in writing on or before the first Monday of August, and by section 38 the board of review in counties of the class to which Cook belongs, may meet from time to time, and whenever necessary, to consider and act upon complaints. The latter provision must necessarily be limited to the time that the board of review has control of the assessment books. When the books are completed and delivered to the county clerk, the assessment as completed and as equalized by the State Board of Equalization is the assessment upon which the taxes are to be extended and upon which the rate per cent of the taxes is to be computed. An original assessment may therefore be made by the board of review up to the moment the books are returned, and at a time that would deprive the person assessed of any hearing unless notice should be given him. Property owners are bound to take notice of the statute, but to hold that a property owner must take notice of the action of the board of review in making an original assessment against him, so that he may have a hearing and have an opportunity to contest the justice of the assessment, would be to require attendance upon the board of review up to or at the time the books were returned. To so hold would be practically depriving him of any hearing, and we are of the opinion that in the case of an original assessment by the board of re-

view the person assessed is entitled to notice, with an opportunity to be heard.

The defendant testified that neither he nor the firm of W. J. Carney & Co. had any property in the town of South Chicago, except a little office furniture on South Water street. The court held that if W. J. Carney & Co. had no property whatever that fact might be proved, but would not permit any investigation of the amount, character or value of such property. The defendant would have a right to show that he did not own property assessed to him. (*Weber* v. *Baird*, 208 Ill. 209.) That question could not be finally determined by the board of review, but the court would have no right to revise the judgment of the board of review as to values. Counsel for the People concede that the defendant had a right to show that he did not own the property assessed to him, and as we understand their argument the assessment was a gross one of everything owned by W. J. Carney & Co., regardless of its nature. The assessment book is not in the record and what property was assessed is not shown. The board of review, in making assessments, is required to proceed as an assessor would, and to make a list of property assessed, setting down in the column opposite the separate kinds of property, the assessed value thereof. The only power the board has is to assess property by listing, classifying and valuing it according to the statute, and there is no authority for assessing a lump sum as the value of all the property of a tax-payer. (*Weber* v. *Baird, supra.*) The record does not show whether office furniture was the only property assessed or not, and we cannot say that the court erred in striking out evidence as to what property the firm of W. J. Carney & Co. owned.

For the errors pointed out in this opinion the judgment of the circuit court is reversed and the cause is remanded.        *Reversed and remanded.*