C. A. POWLEY CO. *et al.*, Plaintiffs-Appellants, *v.* DEPARTMENT OF LOCAL GOVERNMENT AFFAIRS *et al.*, Defendants-Appellees.

Third District   No. 75-241

Opinion filed October 29, 1976.

Sutkowski & Washkuhn Associates, of Peoria (David Daley, of counsel), for appellants.

William J. Scott, Attorney General, of Chicago (Stephen R. Swofford, Assistant Attorney General, and Lachlan Crissey, Assistant State's Attorney, of counsel), for appellees.

Mr. PRESIDING JUSTICE STOUDER delivered the opinion of the court:

Petitioners, C. A. Powley Co., N. E. Finch Co., Peoria Marine Construction Inc., and Strunk Bros. Co., hereinafter referred to as taxpayers, commenced this action in the circuit court of Fulton County seeking to review the final order of the Illinois Department of Local Government Affairs. The action was commenced pursuant to the provisions of the Administrative Review Act (Ill. Rev. Stat. 1973, ch. 110, par. 264 *et seq.*) and resulted in a decision approving the Board's order.

Each of the taxpayers is a corporation properly doing business in Illinois. In May 1973 each taxpayer received a notice from Vernon

Thomson, Fulton County supervisor of assessments. The notice directed each taxpayer to file a personal property tax return with respect to its construction equipment located in Fulton County. To avoid the assessment of a penalty each taxpayer filed a return protesting the assessment of its property and thereafter argued their protest before the Board of Review. The Board of Review denied the protest and the taxpayers sought a further determination of the merits of their claims before the Illinois Department of Local Government Affairs. The final order of the Department found the construction equipment involved was properly assessed and taxed in Fulton County. The amounts of the assessments ranged from $159,000 to $7,000.

Central Illinois Light Company, which has its principal office in Peoria, Illinois, is constructing a new generating facility in Fulton County. Each of the taxpayers is in the construction and excavating business and is under contract to perform various parts of the Fulton County project work either as contractor, subcontractor or joint venturer. The job was of indefinite duration, although it was estimated it would take from one to three years to complete. The personal property which is the subject of this proceeding is large, self-propelled movable excavating and highway construction equipment. None of the property is permanently affixed to real estate.

Each of the taxpayers has its headquarters, principal place of business and the address of its registered agent in some other county of Illinois other than Fulton County. None of the taxpayers has an office in Fulton County and no supervisory employee resides in Fulton County. The Central Illinois Light Company job is the only job which any of the taxpayers was doing in Fulton County.

Each of the taxpayers commenced work on the job in the latter half of 1972 by moving heavy construction equipment to Fulton County. The property which the taxpayers were required to include in their returns was the property on the job site in Fulton County on April 1, 1973. Subsequent to April 1, 1973, some of the equipment so listed was moved to other jobs outside Fulton County and likewise other equipment belonging to the taxpayers was moved into Fulton County for use on the job.

It was originally alleged that assessment of the personal property in Fulton County represented double taxation because the same property had been assessed in other counties, namely the county in which each taxpayer claimed to have its principal place of business. The proof did not support such claim and consequently no issue is presented on this appeal on any claim of double taxation.

On this appeal the taxpayers have argued the county of Fulton was

without jurisdiction to assess the construction equipment, and in particular, that such assessment is not authorized by the Illinois Revenue Act of 1939. The statutory provisions with which we are primarily concerned are sections 57 and 72 of the Revenue Act of 1939 (Ill. Rev. Stat. 1973, ch. 120, pars. 538 and 553). Section 57 provides:

> "Personal property, except such as is required by this Act to be listed and assessed otherwise, shall be listed and assessed in the taxing district where the owner resides. The capital stock and franchises of corporations and persons, and all intangible personal property of foreign corporations doing business in this state which is located in this state and used in their business transacted within the state, except as may be otherwise provided, shall be listed and taxed in the taxing district where the principal office or place of business of such corporation is located in this state, or, if there be no principal office or place of business in this state, at the place in this state where any such corporation or person transacts business."

Section 72 provides:

> "The personal property of banks or bankers, brokers, stockjobbers, insurance companies (except life insurance companies organized under the laws of this State), fraternal beneficiary societies (except those organized under the laws of this State), hotels, livery stables, saloons, eating houses, merchants and manufacturers, ferries, mining companies and companies not specifically provided for in this Act, shall be listed and assessed in the taxing district where their business is carried on, except such property as shall be liable to assessment elsewhere in the hands of agents.* * *"

The property of the taxpayers was assessed under section 72. In support of their argument this is improper, the taxpayers have generally urged their property falls within section 57.

The general rule of assessment is, according to the taxpayers, personal property should be assessed in the taxing district in which the owner of the property has his domicile. Since a corporation is generally considered to have its domicile at the place of its principal place of business or principal offices, it follows according to the taxpayers, that the application of the domiciliary rule would preclude the personal property involved in this case from having a taxable situs in Fulton County.

We have no particular disagreement with taxpayers' general thesis. However, section 57 is a general provision and is limited by subsequent provisions which deal with taxpayers or property under special circumstances. Indeed, the taxpayers have called our attention to other

sections of the Act dealing with the assessment of personal property under special conditions contending such provisions evidence the legislative intention that the physical location of the personal property is not the principal contact warranting taxation. We discern no such intention. In fact, some of the provisions such as those applicable to property of express companies and property in the hands of agents, clearly demonstrate the physical location of the property is of primary significance.

Finally, the taxpayers argue section 72 is inapplicable because: one, the inclusion of "companies not specifically provided for in this Act" does not apply to them; two, Fulton County is not the taxing district "where their business is carried on"; and, three, the property sought to be assessed is only temporarily within the taxing district seeking to assess the property.

As indicated earlier, several of the provisions subsequent to paragraph 538 deal with special situations. Section 72 is one of those provisions dealing with business property. Therefore, we do not agree with the taxpayers that the domiciliary provision, i.e., principal place of business as applied to a corporation, found in section 57 is a special provision exempting it from the application of section 72.

In 1963 the Attorney General in his opinion F-981 interpreted section 72 as it applied to the property of a mining company. The controversy which gave rise to the opinion resulted when each of two adjoining school districts attempted to assess a large mobile stripper shovel. The shovel was actually digging coal in a mine located in one school district while the office, garage and other supportive facilities of the mine were located in the other school district. Basing his decision to some extent on *Carney v. People*, 210 Ill. 434, 71 N.E. 365, the Attorney General concluded the shovel was correctly assessed in the district in which it was located and digging coal on April 1, that being the district in which the taxpayer's business was being carried on. (*Carney v. People*, 210 Ill. 434, 71 N.E. 365, held the business property of a broker was properly taxed in the district where the property was located rather than in the district in which the broker was domiciled.)

The taxpayers in the instant case argue the result reached in the Attorney General's opinion is erroneous because the preferred taxable event should be the principal place of business rather than the fragmented taxable situs which results from the opinion. There can be little doubt the taxpayers were carrying on business in Fulton County. If the legislature had intended to refer to the taxing district in which the corporations carried on their principal business they could have so provided, as they did in fact provide in other sections of the statute.

■■ Furthermore, according to the taxpayers, neither section 72 nor the Attorney General's opinion interpreting the section is applicable

because the construction equipment is only temporarily located in Fulton County. We find no merit to this contention. While it well may be that trivial contact with a taxing district on April 1 may not be sufficient to subject personal property to assessment in the district, we do not find such contact to be trivial in the instant case. According to the facts, construction equipment of the taxpayers would be located in Fulton County for an indefinite period. The job would require the presence and use of equipment for months or years and not merely for hours, days or weeks. That the property might not be used continuously on the job, might be moved elsewhere or that property located elsewhere on the taxable date might also be used as a part of a job, does not in our opinion present any different problem than that applicable to other types of property. It is the location and use of personal property on the taxable date which are the determining factors, and as in the case of other property such as trucks, cars or inventory, the fact that such property may not be located in the taxing district at some time in the future is of no concern.

■■ If there is any reason for treating the property of construction companies differently it is a matter for the legislature to change the existing provisions. However, so far as the instant case is concerned it would appear the property of the taxpayers is of substantial value, has received the protection and benefits of the taxing district in which it is located, and has participated in the economic activity of the area, all of which factors demonstrate a significant interest between the taxing district and the taxpayers' property.

For the foregoing reasons the judgment of the circuit court of Fulton County is affirmed.

Judgment affirmed.

STENGEL and BARRY, JJ., concur.