THE PEOPLE *ex rel.* Frank A. Rogers, County Treasurer, Appellee, *vs.* THE CENTRALIA GAS AND ELECTRIC COMPANY, Appellant.

*Opinion filed February 19, 1909.*

1. TAXES—*what interest is prima facie sufficient to authorize an objection to tax.* The possession of premises and occupation thereof for business purposes by a gas and electric company, which claims to be the owner of such premises, is sufficient *prima facie* to entitle the company to object to taxes.

2. SAME—*notice of increase in assessment by board of review must be given to person affected.* Under the statute requiring notice of an increase in assessment by the board of review to be given to the person or corporation to be affected by such increase, the owner of the property who is affected by such increase is entitled to notice although the property is not assessed in his name.

3. SAME—*when increase in assessment by board of review is void.* An increase of assessment by a board of review without any notice to the corporation owning the property and openly in possession thereof with its plant and office, which were visited by the members of the board, is void, even though the property was not assessed in the name of the corporation.

4. SAME—*a tax-payer may defend against illegal tax without tendering legal tax.* A tax-payer seeking to enjoin the collection of a tax must pay the amount legally due before he can have affirmative relief as to that which is illegal; but where it is sought to enforce payment of the tax against him he may defend without tendering the legal tax, and judgment will be rendered only for the amount shown to be legally due.

238 — 8

APPEAL from the County Court of Marion county; the Hon. JOHN H. WEBB, Judge, presiding.

W. F. BUNDY, for appellant. .

JUNE C. SMITH, for appellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

This appeal is from a judgment against certain lots in the city of Centralia for the taxes of 1907. The assessor fixed the full value of the lots at $32,525 and their assessed value at $6505. The board of review increased the valuation to three times those respective amounts. The objections urged were that the assessment by the board of review was without notice and therefore void, and that the property was fraudulently assessed too high.

The property was assessed in the name of the Centralia Light and Power Company, and the appellee insists that the appellant cannot be heard to object because it does not appear by the record to have any interest in the premises. The appellant claims to be the owner of the premises, and the evidence shows that it is in possession of them, occupying them with a gas and electric plant. This is sufficient *prima facie* to entitle appellant to object to the tax.

The board of review gave no notice to appellant of the increase in its assessment, and it is insisted that appellant was not entitled to notice because the lots were assessed in the name of the Centralia Light and Power Company, and it will be presumed that notice was given to that corporation. The board of review has no power to make a re-assessment of property without notice to the person affected. This rule is founded on the plainest principles of justice and is enforced by the guaranties of the constitution. (*Carney* v. *People,* 210 Ill. 434; *Cox* v. *Hawkins,* 199 id. 68; *Tolman* v. *Salomon,* 191 id. 202; *Huling* v. *Ehrich,* 183 id. 315.) The statute requires notice to the person or corpo-

ration to be affected by the increase of assessment. The owner of the property is such person, and not necessarily the person in whose name it is assessed. The notice is required to be served personally, or by mail if the address of the person entitled to notice is known or by reasonable effort can be ascertained. It is manifest that appellant was openly in possession of the property, conducting its business there, with its office open every business day, and the plant was visited by the members of the board of review in person. No notice was served upon or received by appellant or its agent, and there was no evidence that any attempt was made to give notice to any person of the increase of the assessment. The action of the board of review was therefore without authority and void. The original assessment, however, was valid and judgment should have been rendered for the taxes due upon that valuation.

Appellee insists that appellant should have tendered the taxes due upon the assessment of the township assessor which was valid, and that, it having failed to do so, the county court properly rendered judgment for the whole amount of taxes according to the increased assessment. Where an owner of property seeks to enjoin the collection of a tax he must pay the amount legally due before he can have affirmative relief against that which is illegal. But when it is sought to enforce the payment of a tax against him he may defend, and judgment will be rendered only for the amount shown to be legally due. *State v. Allen,* 43 Ill. 456.

The judgment will be reversed and the cause remanded to the county court, with directions to enter judgment against the lots, respectively, for one-third of the amount of taxes shown in the delinquent list to be due, together with interest or penalties and costs.

*Reversed and remanded, with directions.*