THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* E. W. SHIRK, Plaintiff in Error.

*Opinion filed December 21, 1911.*

1. TAXES—*board of review has power to make original assessment.* Under section 329 of the Revenue act (Hurd's Stat. 1909, p. 1886,) the board of review may properly make an original assessment of omitted property in the same manner and subject to the same requirement as to notice that the assessor might make under sections 276 and 278 of said act.

2. SAME—*notice to owner must precede assessment by board of review.* Notice to the owner that the board of review will make an assessment of omitted property must precede the making of the assessment, otherwise the assessment is illegal and cannot be made valid by giving a subsequent notice.

3. SAME—*statute authorizing board of review to assess omitted property is not invalid.* The provision of section 329 of the Revenue act authorizing the board of review to make an assessment of omitted property is not unconstitutional upon the ground that it does not specifically provide for notice to the owner, since the board has the same powers as the assessor has under sections 276 and 278 of said act, which sections, as construed in *People* v. *National Box Co.* 248 Ill. 141, provide for notice.

WRIT OF ERROR to the Municipal Court of Chicago; the Hon. ARNOLD HEAP, Judge, presiding.

ULLMANN, HOAG & DAVIDSON, for plaintiff in error.

FRANCIS S. WILSON, County Attorney, and DAVID W. TAYLOR, for defendant in error.

Mr. JUSTICE VICKERS delivered the opinion of the court:

This is a writ of error sued out of this court by E. W. Shirk for the purpose of reviewing a judgment of the municipal court of Chicago against him for $225.60, recovered by the People of the State of Illinois in an action for delinquent personal property tax for the year 1908. The assessment upon which the judgment is based was an original board of review assessment made by that board in a lump sum, without designating the particular class or classes of property assessed. The errors assigned call in question the validity of the assessment as well as the validity of the statute under which the board of review assumed to act.

Plaintiff in error contends that the assessment in question was void, first, because plaintiff in error had no notice and opportunity to be heard before the assessment was made by the board of review; and further, that even if notice had been given it would not answer the constitutional requirement of due process, because, it is said, no notice is required by the statute.

The evidence shows that the plaintiff in error was not assessed by the local assessor in any amount on personal property in the town of South Chicago, where he resided; that on the 31st day of August, 1908, the board of review made a personal property assessment against him of a gross amount of $3000, and placed the same on a schedule in the column headed "Total assessed value as corrected by board of review." Alexander J. Johnson testified that the assessment in this case was made in a lump sum upon information received by the board that plaintiff in error was a capitalist worth two or three million dollars and was engaged in loaning money; that it was not known whether he had mortgages, money on hand or other assets or the amount and value of either. This witness testified that it was customary to send a postal-card notice before an assessment was made by the board of review. He does not

know whether such notice was sent in this case or not. It is admitted by plaintiff in error that a postal-card notice was received by him in November, 1908, which was long after the assessment had been made. The postal-card notice in November is the only notice, so far as the record shows, that the plaintiff in error received of this assessment. Section 276 of the Revenue law (Hurd's Stat. 1908, p. 1797,) provides for the assessment of property that has been omitted in the assessment of any year or number of years by the assessor, and section 278 provides that before an assessment of omitted property shall be made by the assessor, the owner, if known, shall be notified by the assessor or clerk of such assessment. Section 329 of the Revenue law provides, among other things, that it shall be the duty of the board of review to assess all property subject to assessment which shall not have been assessed by the assessor, and confers upon the board of review the same power in respect to making assessments that the assessor has. Under the broad powers given to the board of review by this section we have no doubt that such board may properly make an original assessment of omitted property in the same manner, subject to the same requirement as to notice, that the assessor might make under sections 276 and 278 above referred to. In the case of *Carney* v. *People,* 210 Ill. 434, this court held that the board of review had the power to make an original assessment upon giving the tax-payer notice, where the property had not been previously assessed. In that case the distinction between an original assessment made by the local assessor and the board of review was pointed out, and it was there held that the publication of the assessed list and the statute providing for a hearing before the board of review met the constitutional requirement of due process of law, while in the case of an original assessment by the board of review there was no statute requiring a person who had not been assessed at all to attend the meetings of the board of review in an-

ticipation that an attempt would be made to assess some amount of taxes against him. The effect of that decision is to establish the rule that before the board of review can legally make an original assessment against a tax-payer he must have notice and an opportunity to be heard. As already pointed out, there is no proof in the record before us that the tax-payer had any notice except the postal-card notice, which was received by him more than two months after the assessment had been made. In order to meet the constitutional requirement of due process of law the notice should precede the action which is to affect the property rights of the citizen, so that the property owner may have a chance to be heard before action is taken. The notice given in this case does not meet the constitutional requirement any more than a summons would that was served after the court had heard a cause and rendered its judgment. The tax for which the judgment below was rendered was illegally assessed and the court erred in rendering judgment therefor.

Plaintiff in error makes the further contention that the statute which authorizes the assessment of omitted property by the board of review is unconstitutional because the statute does not specifically require notice. Sections 276 and 278 of the Revenue law, as construed by this court in *People* v. *National Box Co.* 248 Ill. 141, provide for notice, and as thus construed the statute is not open to the constitutional objection urged by plaintiff in error. But for the reason already given, the tax levied in this case was illegal and the judgment of the court below must be reversed. Since the defect of notice cannot be cured upon another hearing we see no reason for remanding the cause.

*Judgment reversed.*