The St. Louis Merchants' Bridge Company, Appellant, *vs.* Frederick A. Eisele *et al.* Appellees.

*Opinion filed April 23, 1914.*

1. Injunction—*when equity will not enjoin collection of tax pending application for judgment and order of sale.* Although a court of equity has jurisdiction to enjoin the collection of a void tax and the tax-payer is not required to exhaust his legal remedies before he may apply to equity for relief, yet an injunction will not be granted to restrain the collection of a tax during the pendency of objections to an application for judgment and order of sale, where the county court is capable of granting effective relief and there is no equitable circumstance of which the party can not avail himself at law.

2. Courts—*when jurisdiction is exclusive.* In courts of concurrent jurisdiction, that court which first acquires jurisdiction of a cause will ordinarily retain it to the end of the controversy, to the exclusion of all other courts.

3. Taxes—*supervisor of assessments cannot increase assessment without notice.* Where the schedule of a property owner has been accepted by the assessor as correct, the supervisor of assessments has no power to increase the assessment without notice to the property owner.

Appeal from the Circuit Court of Madison county; the Hon. W. E. Hadley, Judge, presiding.

ALEX W. HOPE, for appellant.

J. M. BANDY, State's Attorney, and J. F. GILLHAM, for appellees.

Mr. JUSTICE DUNN delivered the opinion of the court:

This is an appeal from a decree of the circuit court of Madison county which dismissed the appellant's bill for an injunction so far as it sought to restrain appellees, who are the county treasurer and county clerk of Madison county, from attempting to collect any tax extended against the appellant's real estate upon a valuation in excess of $650,001, being its full value as assessed by the assessor of the town of Venice for the year 1911.

The appellant's bridge extends across the Mississippi river from Venice to St. Louis, and the township assessor assessed the part of it in Illinois at $650,001, full value, being $50,000 on the land and $600,001 on the bridge structure, making the assessed value $216,667. The county supervisor of assessments raised the assessed value to $500,-000 without notice to the appellant and made an original assessment of the appellant's franchise at $200,000. The latter assessment is not involved in this appeal, as the appellees admit it was unauthorized and the tax extended upon it was perpetually enjoined. The county clerk having extended taxes for the year 1911 upon the assessment of $500,000 made by the supervisor of assessments, the county collector made application to the county court for a judgment and order of sale. The appellant filed objections, a hearing was begun, and the appellant had introduced its evidence and announced that its case was closed when an adjournment was had to another day for the People's evidence in rebuttal. Thereupon the appellant filed its bill on November 20, 1912, and a temporary injunction was granted restraining the appellees from collecting the taxes upon the alleged illegal assessment. As grounds of relief

the bill charged that the assessment made by the supervisor of assessments was excessive and was fraudulently made by that officer from improper motives; that notice of the increased assessment was not given to the appellant; that the assessment violated the constitutional requirement of uniformity of taxation, inasmuch as all the other property in Madison county was by agreement of the town assessors assessed at from sixty to seventy per cent of its value and the State Board of Equalization equalized the assessment throughout the State on the basis of seventy per cent of its full value; that the increased assessment was not equalized by the State Board of Equalization, and that there were other irregularities in the proceedings. An answer was filed and a motion made to dissolve the temporary injunction, which was heard upon affidavits presented by each side and taken under advisement by the court. Afterward the court entered an order dissolving the temporary injunction, finding that the appellant had filed objections to the application for judgment in the county court and introduced its evidence in support thereof; that the cause was still pending in the county court, undisposed of, because of the injunction; that the county court had power adequate to grant the relief sought by the injunction, and that the appellant having elected to proceed in that court, was therefore not entitled to relief in the circuit court. For this reason the court dismissed the bill without passing upon the grounds of relief set out in it. These grounds have been argued in the briefs, but since we think the circuit court properly refused to take jurisdiction of the subject matter of the litigation pending in the county court they are not now before us for consideration.

A tax extended upon an increased assessment made without authority of law is as to the increase unauthorized and void. (*Cox* v. *Hawkins,* 199 Ill. 68.) It has been frequently held that when a property owner's schedule has been delivered to the assessor and its valuations accepted

as correct, such valuations cannot be changed and a different assessment made by the assessor without notice to the property owner. Several decisions to this effect are cited in *Tolman* v. *Salomon,* 191 Ill. 202, where it is said, on page 204: "There can be nothing in the nature of a re-assessment without notice to the party affected." In *Cox* v. *Hawkins, supra,* it is held that the board of review has no power, without notice to the owner, to increase the assessment made by the assessor, who has accepted the owner's schedule as correct. The rule applies equally to the supervisor of assessments. A court of equity has jurisdiction to enjoin the collection of such a tax, and the tax-payer is not required to exhaust his legal remedies before he may apply to equity for relief. (*Drainage Comrs.* v. *Kinney,* 233 Ill. 67; *Carr* v. *Arnold,* 239 id. 37.) It is, however, a general principle in all cases of concurrent jurisdiction, that the tribunal which first obtains jurisdiction of the subject matter must proceed and finally dispose of it. A court of equity will not take jurisdiction where it has first been acquired by a court of law unless there is some equitable circumstance in the case which the party cannot avail himself of at law. (*Mason* v. *Piggott,* 11 Ill. 85; *Whitney* v. *Stevens,* 97 id. 482.) The jurisdiction of the court first acquiring it excludes that of all other courts to the end of the controversy. (*Newman* v. *Commercial Nat. Bank,* 156 Ill. 530; *Sangâmon and Drummer Drainage District* v. *Eminger,* 257 id. 281.) Here the county court of Madison county had acquired jurisdiction of the controversy and was capable of granting all the relief to which the appellant was entitled. The circuit court properly declined to assume jurisdiction in the midst of the trial of a controversy pending in another court of concurrent jurisdiction.

*Decree affirmed.*