THE PEOPLE *ex rel.* Frederick A. Eisele, County Collector, Appellee, *vs.* THE ST. LOUIS MERCHANTS BRIDGE COMPANY, Appellant.

*Opinion filed June 24, 1915.*

1. TAXES—*an original assessment cannot be made by putting down a lump sum.* In case of an original assessment the property must be listed, classified and valued according to the statute, and there is no authority for assessing a lump sum as the value of all the property of a tax-payer.

2. SAME—*county supervisor of assessments, in changing assessments, does not act as an original assessor.* The language of the statute which authorizes the county supervisor of assessments to make changes or alterations in the assessment of property "as though originally made," does not mean that the supervisor, in changing or altering an assessment already made, acts as an original assessor. (*St. Louis Merchants Bridge Co.* v. *Eisele,* 263 Ill. 50, adhered to.)

3. SAME—*county supervisor of assessments cannot change assessment without notice.* The county supervisor of assessments must give notice before changing an assessment already made, as notice to the property owner is jurisdictional and must precede any change or re-assessment of property after an assessment has once been made. (*People* v. *International Salt Co.* 233 Ill. 223, distinguished.)

APPEAL from the County Court of Madison county; the Hon. JOHN E. HILLSKOTTER, Judge, presiding.

ALEX. W. HOPE, for appellant.

P. J. LUCEY, Attorney General, (J. F. GILLHAM, T. T. HINDE, and L. H. STRAWN, of counsel,) for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The county collector of Madison county applied to the county court for judgment and order of sale against the property of the appellant, the St. Louis Merchants Bridge Company, delinquent for a franchise tax and a tax on an

increased assessment of its property for the year 1911, made by the county supervisor of assessments. The application was made to the May term, 1912, and thirteen objections were filed, twelve of them to the increased assessment upon various grounds, and the thirteenth to the franchise tax because the appellant was a foreign corporation. Evidence was taken, but the hearing was not concluded when the appellant, on November 20, 1912, filed its bill in the circuit court to enjoin the collection of the taxes objected to. The circuit court enjoined the collection of the franchise tax but declined to enjoin the tax on the increased real estate assessment. On appeal to this court the decree was affirmed. (*St. Louis Merchants Bridge Co.* v. *Eisele,* 263 Ill. 50.) Afterward the hearing in the county court was concluded and the court overruled the objections to the increased real estate assessment. A judgment against the property with order of sale was entered, and this appeal was prosecuted.

The following facts were proved and not disputed: The assessor of the town of Venice, in Madison county, in the year 1911 assessed the property of the appellant, valuing the land at $50,000 and the improvements at $600,001, making a total of $650,001, and putting down the assessed value for purposes of taxation at $216,667, one-third of the total amount. He returned the assessment to the supervisor of assessments of the county, who made no change in the valuation of the land or the improvements but set down $500,000 as the assessed value of appellant's property for the purpose of taxation, raising the amount of $216,667 returned by the assessor to $500,000 without disturbing the valuations of the land or improvements. The appellant paid the tax levied upon the assessment made by the township assessor but defaulted on the tax extended on the franchise assessment of $200,000, which was disposed of in the suit in equity, and on the tax on the increased assessment, which the county court held valid.

The question involved in this appeal was decided in *St. Louis Merchants Bridge Co.* v. *Eisele, supra,* and the opinion in that case was in evidence before the court but was disregarded. Counsel for the appellee say that they see no warrant for a conclusion that the question was decided on the former appeal, but they are mistaken in that view. The circuit court had dismissed the appellant's bill so far as relief was sought against the tax extended upon the increased valuation, and two questions were directly and necessarily involved: First, whether the appellant had good ground for questioning the validity of the increased assessment; and second, if the assessment was void, whether the circuit court would assume jurisdiction where it had been acquired by a court of law and there was no equitable circumstance which the appellant could not avail itself of in the court of law. The first question was decided in favor of the appellant, and the court held that the supervisor of assessments could not increase the assessment made by the township assessor without notice to the property owner; that a court of equity has jurisdiction to enjoin the collection of such a tax, and that the tax-payer was not called upon to exhaust his legal remedy before appealing to a court of equity for relief. The second question was decided in favor of the appellee, and it was held that although the tax was void, the county court which had acquired jurisdiction could grant all the relief to which the appellant was entitled, and that the circuit court therefore properly declined to assume jurisdiction in the midst of the trial of the controversy pending in another court of concurrent jurisdiction. The county court erred in not accepting the law as declared by this court on the former appeal concerning the same controversy and between the same parties.

There is, however, an extended argument against the conclusion of the court on the former appeal which perhaps calls for some further explanation of our views. The

groundwork of the argument is, that the supervisor of assessments is an original assessing officer, occupying the same position as the township assessor; that his assessment is an original assessment and therefore no notice by him to the property owner is required. If it were true that the assessment by the supervisor of assessments was an original assessment, the assessment in this case would be void for the reason that in the case of an original assessment the statute requires the property assessed to be set down, with its valuation. The only power of the assessor is to assess property by listing, classifying and valuing it according to the statute, and there is no authority for assessing a lump sum as the value of all the property of a tax-payer, as was done in this case. (*Carney* v. *People,* 210 Ill. 434.) The statute requires an officer making an original assessment to actually view and determine the fair cash value of each lot or tract of land listed for taxation and to set down such value, but the supervisor of assessments did not put down either the value of the land and improvements or the value of the improved tract, but merely arbitrarily set down a lump sum as the amount upon which the appellant should pay taxes. The assessment, however, was not an original assessment, and the language of the statute does not indicate such an intention on the part of the General Assembly. The authority given to the supervisor of assessments is to assess, make such changes or alterations in the assessment of property "as though originally made," and in making such changes in valuations as returned by the township assessor such changes shall be noted in a column provided therefor, and no change shall be made in the original figures. An alteration in an assessment to be made as though originally made does not mean an original assessment but an alteration of one already made. The requirement that the assessment shall be made as though originally made evidently means that the supervisor shall set down his valuations of

the property as the township assessor would, and not a lump sum on which the property owner is to be taxed. The original assessing officer is required to actually view the land and form his judgment therefrom, and it cannot be supposed that there was any intention to charge the supervisor of assessments with viewing every tract of land in a county. It must have been expected that he would reach his conclusion and overrule the judgment of the township assessor from some other evidence than that obtained by an actual view, which could be nothing but a review of the judgment of the township assessor. The statute contemplates changes and alterations of an assessment already made. The law is settled that notice to the property owner is jurisdictional and must precede any change or re-assessment of property after an assessment has once been made. (*Carney* v. *People, supra; People* v. *Centralia Gas and Electric Co.* 238 Ill. 113; *People* v. *Shirk,* 252 id. 95.) The property owner may always learn from the township assessor the valuation of his property when made, and if the supervisor of assessments located at the county seat could increase the assessment without notice to the property owner, it would be necessary for him to keep the supervisor of assessments in sight until the moment of returning the books to the board of review, which would be most unjust and burdensome. To impose such a duty ought not to be attributed to the General Assembly if it can be avoided.

The appellee relies almost wholly upon the decision in *People* v. *International Salt Co.* 233 Ill. 223, where an assessment of real estate was made by the board of assessors of Cook county and it was held that no notice to the property owner of the assessment was necessary. The decision in that case placed the board of assessors on precisely the same footing as a township assessor and was correct. In counties containing 125,000 or more inhabitants a board of assessors consisting of five persons is elected to perform

268 — 31

the functions of township assessors, and they appoint as many deputy assessors as in their judgment are necessary, subject to the approval of the board of review as to the number and time of service. The deputies view property and return valuations, but the assessment is by the board. The judgment as to value in such a case is the collective judgment of the members of the board, who are authorized by law to fix values upon property. The decision in that case does not support the argument that a county supervisor of assessments, in making changes in the assessment, acts as an original assessor in the same way as the board of assessors of Cook county.

The judgment of the county court is reversed, and as there was no notice to the appellant and the defect cannot be cured, the cause will not be remanded.

*Judgment reversed.*