(No. 13554.—Judgment affirmed.)

THE PEOPLE ex rel. Roy W. Bracher, County Treasurer, Appellant, vs. M. ABRAHAM et al. Appellees.

*Opinion filed December 21, 1920—Rehearing denied Feb. 3, 1921.*

1. TAXES—*action of board of review must be shown by its records.* On application by a county collector for judgment for delinquent taxes where an increase in the assessment by the board of review is objected to, the action of the board of review must be shown by its records.

2. SAME—*property owner must be notified before his assessment is raised.* Notice to the property owner of any action by the board of review to raise the assessment of his property for taxation is essential, and to constitute due process of law the notice must precede the action taken, so as to give an opportunity for a hearing.

3. SAME—*failure to give notice previous to raising assessment is not a curable omission.* Failure of a board of review to give notice to a property owner previous to the passage of a resolution raising the assessment of his property for taxation is not cured by subsequent notice to appear and show cause why the raise should not be made as provided in the resolution, nor by the provisions of sections 36 and 191 of the Revenue act, relating to defects and informalities in tax levies.

4. NOTICE—*statute requiring constructive notice must be strictly complied with.* Every requirement of a statute providing for constructive notice must be strictly complied with, and nothing else will give validity to the proceedings.

APPEAL from the County Court of Lake county; the Hon. PERRY L. PERSONS, Judge, presiding.

JAMES G. WELCH, State's Attorney, (ARTHUR BULKLEY, and J. V. NORCROSS, of counsel,) for appellant.

COOKE, POPE & POPE, and RALPH J. DADY, (E. J. HEYDECKER, ELAM L. CLARKE, E. V. ORVIS, HERBERT A. SHEA, A. V. SMITH, E. M. RUNYARD, and J. A. MILLER, of counsel,) for appellees.

Mr. JUSTICE CARTER delivered the opinion of the court:

This is an appeal by the county treasurer of Lake county from the judgment of the county court of that county sustaining objections of numerous land owners in the city of Waukegan, in said county, to certain taxes, and entering an order refusing judgment of sale as to any amount in excess of eighty-two per cent of the taxes levied.

It appears the city of Waukegan is wholly situated in the corporate limits of the town of Waukegan, and that in the year 1919 the town assessor of that town duly assessed all property, real and personal, in said city and in said town; that in July, 1919, the board of review of Lake county appointed two appraisers to value all the real estate and improvements thereon in the city of Waukegan; that on September 3, 1919, the board of review adopted a resolution reciting, among other things, that the appraisers appointed by the board would not be able to complete their report before September 7, 1919, and provided "that a horizontal raise of thirty per cent on all lands and improvements in the city of Waukegan be made, said thirty per cent additional value to be added to the full values as made by the assessor for the year 1919." On September 6, 1919, the record of the board of review shows the following: "Notice sent to fifty owners of real estate in the city of Waukegan to appear September 17 and answer why the valuation should not be increased as per resolution," followed by more than fifty names of owners. The minutes of the board of review for September 17 show two complaints heard and the orders made thereon, but do not mention the resolution making the horizontal raise of thirty per cent or indicate that said complaints had to do with this general increase, and there are no other entries in the minutes of said board, as shown in this record, that make any further allusion to the resolution for the horizontal raise, or to any hearing from the land owners with reference thereto, or any ratification of the resolution after the date of the hear-

ing mentioned in the notices. The taxes were spread by the county clerk in accordance with the assessment so increased by the board of review, and in due course the county collector filed the delinquent list and applied for judgment of sale. Over two hundred property owners appeared and filed objections to the entry of judgment. On a hearing before the county court on these objections, attorney Ralph J. Dady, on behalf of the objectors, testified that he had made an investigation and calculation as to what percentage of the general taxes in the city of Waukegan for the year 1919 was due to the horizontal raise of thirty per cent made by the board of review and found that it was a fraction more than eighteen per cent. He also explained the general method he had used in arriving at that figure. Most of the facts concerning the action of the board of review and levy of the taxes were agreed upon by stipulation, the testimony, other than that of attorney Dady, being by assistants in the county treasurer's office with reference to certain tax matters and the sending of the notices to the fifty owners. The court, after this hearing, sustained the objections of each and all of the objectors, and held that the objections to the taxes as to any amount in excess of eighty-two per cent of the general taxes as extended for the year 1919 against the property of the objectors should be sustained and judgment refused.

The first point argued in the briefs is whether the board of review, before making the general increase of thirty per cent in the assessment of the city of Waukegan, gave the proper notice and allowed the proper hearing under section 35 of the Revenue act, (Hurd's Stat. 1917, p. 2488,) which provides, among other things, that no such increase shall be made "until the board shall have notified not less than fifty of the owners of property in such * * * portion of the county * * * and given them, or anyone representing them, or other citizens of said territory, an opportunity to be heard."

It is stipulated that the records of the board of review show that a notice was sent to more than fifty of the property owners on September 6, 1919, to appear September 17 and answer why the valuation should not be increased as per said resolution. It is argued by appellees that the increase was actually made on September 3, the day when the resolution was passed, as the resolution stated in positive language "that a * * * raise * * * be made," and there is nothing shown in the board's records thereafter, until the record made up on December 3, 1919, by the board certifying that the changes had been made as per said resolution. It is conceded by all counsel that any action of the board of review must be shown by its records. *Weber* v. *Baird,* 208 Ill. 209; *People* v. *Chicago, Lake Shore and Eastern Railway Co.* 270 id. 477.

Section 37 of the Revenue act, passed in 1898, provides: "Whenever the board of review shall decide to reverse or modify * * * the assessment in any case * * * they shall cause the changes to be made at once and entered upon the assessment books." Section 35 of said act provides: "Upon any hearing of a complaint, or on proposal for any increase originating with said board, where notice is required, * * * no change shall be made in any assessment of real property unless at least a majority of said board shall concur therein; and in such case an order therefor shall be made in open session, and entered of record on the books of the board." (Hurd's Stat. 1917, p. 2490.) Section 38 of the act provides that the board of review shall make the necessary changes and complete their work on or before September 7 annually. These provisions could not be complied with simply by attaching the oath required by section 38 on December 3. The resolution was adopted and notices sent on September 3, 1919, and the records do not show any further action by the members of the board with reference to this increase before December 3, 1919. This court has held that notice to the property owner is juris-

dictional and must precede any change or re-assessment of property after an assessment has once been made. (*People v. St. Louis Bridge Co.* 268 Ill. 477.) It was also held that in order to meet the constitutional requirement of due process of law the notice should precede the action which is to affect the citizen's property, so that he may have a chance to be heard before action is taken. (*People v. Shirk,* 252 Ill. 95; see to the same effect, *Mayor v. Board of Equalization,* 74 N. J. L. 753.) This court has also held that when the statute requires constructive notice there must be shown a strict compliance with its every requirement, and that nothing else will invest the court with jurisdiction or give validity to its proceedings. (*Correll v. Greider,* 245 Ill. 378.) It would seem to appear from this record that the raise was made on September 3, before the notices were sent out, and that no further action was taken by the board with reference to such change.

Counsel for appellant argue that the provision of section 36 of the Revenue act which states that "a failure to give any notice required by this act shall not impair or affect the validity of any assessment as finally made," and also the provision of section 191 of the same act which provides that a tax will not be rendered void by mere irregularities and informalities in the levy of the tax not affecting the substantial justice of the same, cure any failure in the giving of the notice or in the action of the board as to this tax.. This court, in construing the section of the Revenue law last cited, in *Chicago and Northwestern Railway Co. v. People,* 193 Ill. 594, said (p. 598) : "That section, however, is not to be construed as curing every defect in attempts to tax because the party taxed will pay no more for the support of the government in proportion to his property than other people who voluntarily pay the same tax. The substantial justice of a tax is affected if it is one which the authorities attempting to impose it have no power or right to impose. Provisions of the statute designed for

the protection of the tax-payer are mandatory, and a disregard of them will render the tax illegal." In discussing a similar question in *People* v. *Toledo, St. Louis and Western Railroad Co.* 266 Ill. 112, this court said (p. 115): "The provision was intended for the protection of the taxpayer, and the exact time was fixed by law for the purpose of giving those interested a hearing if they desired it. A construction which would permit the board to meet at another time and levy the tax would, in effect, deny persons interested the right to be heard, and such an unauthorized meeting affects the substantial justice of the tax." (Citing authorities.)

Under the reasoning of the above opinions we think it is clear that the provisions of the Revenue law relied on to justify the failure to give the notice previous to the passage of the resolution cannot be construed as authorizing a failure to give notice as required by the statute and an opportunity to be heard, before an order is entered by the board of review increasing the tax as provided in the resolution here in question.

Counsel for appellant further argue that the board of review shall be considered, in effect, a board of equalization in raising this assessment, and that under the authority of Cooley on Taxation, (2d ed. p. 422,) such board of equalization, acting judicially, is "not bound to give any notice before raising the assessment of a district, except as the statute may provide for it." Assuming, but not deciding, that this board might for the purposes of this case be construed as a board of equalization, this doctrine by this author does not justify the waiving of this notice and the passage of a resolution raising the tax before giving the notice required by said statute and a chance for taxpayers to be heard before the board of review enters the final order raising the tax. For this reason the county court properly sustained the objection to the taxes as herein set forth.

Counsel for appellees argue that the Revenue statute providing that the board of review may raise the entire assessment of a district without giving notice to every property owner in any way affected by such raise is unconstitutional and void under the constitutional requirements of the State and Federal constitutions as to due process of law, but in view of our conclusion that the notices were not given as required by the statute, and that therefore the assessment as to the increase was illegal and void, it is unnecessary for us to discuss or decide that question.

The judgment of the county court will be affirmed.

*Judgment affirmed.*