1054

CITIZENS FEDERATION OF ST. CLAIR COUNTY, INC., *et al.*, Plaintiffs-Appellants, v. RODNEY A. BROWN *et al.*, Defendants-Appellees.

Fifth District   No. 5—85—0081

Opinion filed July 15, 1985.

Patrick M. Flynn, of Jennings, Flynn & Associates, of Belleville, for appellants.

John Baricevic, State's Attorney, of Belleville, for appellees.

Kevin C. Kaufhold, of Kassly, Bone, Becker, Dix & Tillery, P.C., of Belleville, for *amicus curiae.*

JUSTICE WELCH delivered the opinion of the court:

Plaintiffs, the Citizens Federation of St. Clair County, Inc., Hilda Hollenbeck, and Stella Krupp, filed their complaint in the circuit court of St. Clair County against defendants Rodney R. Brown, Gordon D. Bush, and Patricia A. Sprague, the members of the St. Clair County Board of Review, challenging the legality of hearing procedures adopted by the board of review with respect to approximately 35,000 real estate assessment complaints. After a hearing, the circuit court held that the procedures adopted by the board of review were not unlawful. Plaintiffs appeal. The Northside, Westside and Southside Fire Protection Districts, with leave of this court, have filed their *amicus curiae* brief in support of the judgment.

The facts are not in dispute. The St. Clair County Board of Review is an elected board comprised of three members. Among its duties is the review of assessments on real property located in St. Clair County. The assessor of St. Clair County reassessed all real estate in the county in 1984. The filing of approximately 35,000 assessment complaints caused the board of review to determine that emergency procedures were warranted. In an order signed on December 27, 1984, by each member of the board of review, the board authorized the appointment of 10 "hearing officers" to hear the complaints. All 10 of the hearing officers were former employees of the St. Clair County assessor's office who had previously participated in the setting of the assessments which were the subject of the complaints. According to a stipulation by the parties regarding the testimony of defendant Sprague, the hearing officers were authorized to gather information, to interview complainants and to pass along all information including exhibits to the board of review; further: "The hearing officer has been told that his responsibility is to get all information to the Board of Review so that a proper decision on the assessment can be made ***. The hearing officers are not to make final decisions on evi-

dence, are not to alter or adjust any evidence, and are not to make final decisions on the proper level of assessment." According to Sprague's stipulated testimony, the board of review had used information other than what was gained by the hearing officers, including measuring parcels of real estate.

The stipulated testimony of Sam Flood, the assessor for St. Clair County, was that he had relinquished all control over the 10 hearing officers, formerly employees of his office, and that he exercised no authority over those persons.

Plaintiff Citizens Federation of St. Clair County, Inc., is alleged in plaintiffs' complaint to be a not-for-profit corporation composed of numerous taxpayers in St. Clair County who have organized for the purpose of obtaining "fair and equitable real estate taxation in St. Clair County." Plaintiffs Hollenbeck and Krupp are described as taxpayers and residents of St. Clair County who have filed assessment complaints with the board of review. Plaintiffs commenced the instant action on behalf of themselves and all others similarly situated, seeking that defendants be ordered to personally conduct hearings upon the assessment complaints and that all hearings held before persons other than the defendants be declared illegal and void. After a bench trial, the circuit court entered judgment for the defendants. This appeal followed.

Plaintiffs argue that the complaining property owners had a statutory right to have their complaints personally heard before a member of the board of review, pursuant to section 108(4) of the Revenue Act of 1939 (Ill. Rev. Stat. 1983, ch. 120, par. 589(4)). Section 108(4) commences as follows: "On complaint in writing that any property described in such complaint is incorrectly assessed, the board shall review the assessment, and correct it, as shall appear to be just ***." (Ill. Rev. Stat. 1983, ch. 120, par. 589(4).) It is this language, apparently, upon which plaintiffs rely.

Plaintiffs urge that our supreme court has previously interpreted section 108(4) to require a hearing before the board personally. However, we do not find that our supreme court has addressed that issue. In *Dietman v. Hunter* (1955), 5 Ill. 2d 486, 126 N.E.2d 22, cited by plaintiffs, the issue was whether the county supervisor of assessments was authorized to increase assessments without any notice or opportunity to be heard at any stage of the proceedings. In *People ex rel. Ahlschlager v. Board of Review* (1933), 352 Ill. 157, 185 N.E. 248, cited by plaintiffs, the issue was whether the Cook County board of review was required to conduct a hearing on complaints regarding real estate assessments. It does not appear that our supreme court

was asked there to consider whether any alternative to a hearing before the board of review personally might have satisfied the requirements of section 108(4).

■ The parties direct our attention to other provisions of the Revenue Act of 1939 for comparison with section 108(4). Section 120 provides, *inter alia*, that in counties containing 1 million or more inhabitants, "[t]he board may also employ deputies and such other clerical help as may be necessary to assist the Board in the hearing of complaints filed before it." (Ill. Rev. Stat. 1983, ch. 120, par. 601.) Section 8 provides that in counties under township organization containing less than 1 million inhabitants in which no board of review has heretofore been elected, when the county board declares by resolution that the number of complaints filed with the board of review has created an emergency situation and caused a need for an expanded board of review, the chairman of the county board may appoint additional qualified members to the board of review to hold separate hearings on complaints. (Ill. Rev. Stat. 1983, ch. 120, par. 489.) No similar provision applicable to the instant case appears in the Revenue Act of 1939. Plaintiffs argue from this that the legislature considered the possibility of the need for additional help regarding the hearing of complaints and determined that such help should be allowed, but only in specific situations not including the instant circumstances. Where the legislature uses certain words in one instance, and different words in another, different results were intended. (*Aurora Pizza Hut, Inc. v. Hayter* (1979), 79 Ill. App. 3d 1102, 1105-06, 398 N.E.2d 1150, 1153.) The board of review is a creature of statute, having only such powers as are expressly given it by the legislature; it will not be presumed that the board has any powers other than those delegated to it by plain and specific language. (*People ex rel. Miller v. Doe* (1961), 22 Ill. 2d 211, 222, 174 N.E.2d 830, 836, *cert. denied* (1961), 368 U.S. 890, 7 L. Ed. 2d 89, 82 S. Ct. 143.) However, defendants note that in section 108(5) the legislature has provided: "The board shall hear any person, upon request, in opposition to a proposed reduction in the assessment of any person, corporation or territory." (Ill. Rev. Stat. 1983, ch. 120, par. 589(5).) Defendants urge that no such "board shall hear" requirement appears in section 108(4), though as demonstrated by section 108(5) the legislature is able to state such a requirement.

■ In the fact of these competing considerations, we are compelled to conclude that the procedure adopted by the board in this case did not violate section 108(4). It is true that a statutory officer can exercise only such powers as are conferred upon him by statute. However, a legislative grant carries with it, by implication, the powers

necessary to make the grant effective. (*Roesch-Zeller, Inc. v. Hollembeak* (1955), 5 Ill. App. 2d 94, 107, 124 N.E.2d 662, 668.) A situation within the object, spirit and meaning of a statute falls within it, although it may be without the letter of the law. In construing statutes relating to the collection of taxes, the policy of the court has been to give them a common-sense meaning so as to avoid making collection difficult or impossible. (*Department of Revenue v. Joseph Bublick & Sons, Inc.* (1977), 68 Ill. 2d 568, 575, 369 N.E.2d 1279, 1282.) It is apparent that the legislature did not consider the eventuality of the filing of 35,000 assessment complaints in one of the "smaller" counties. However, the legislature has enacted a comprehensive scheme for the computation and collection of real estate taxes consonant with the constraints of due process of the law. A fundamental part of this scheme is the various provisions setting forth procedures for expeditious presentation and disposition of assessment complaints. Thus, where, as here, the expressed statutory scheme has broken down under an unusual load, it is consistent with the spirit and meaning of the statute for the board of review to hire additional qualified employees to the end that a final decision on each complaint by the board of review can be speedily achieved. It must be noted in this regard, that, according to defendant Sprague's stipulated testimony, none of the temporary hearing officers was responsible for any decision regarding the proper level of assessment or the admission of evidence relevant thereto, thus complying with the statute's implicit directive that the decision be made by the board itself.

■ The more fundamental question is whether the instant procedures operated to deprive plaintiffs of their property without due process of law. Due process requires that the property owner be given notice and an opportunity to be heard upon valuation of his property at some point in the taxing process before his liability to pay the tax becomes conclusively established. (*Dietman v. Hunter* (1955), 5 Ill. 2d 486, 488, 126 N.E.2d 22, 23.) Plaintiffs argue that due process requires that the complainants have a hearing before the board members personally. To comply with due process considerations, he who decides must hear. (*Homefinders, Inc. v. City of Evanston* (1976), 65 Ill. 2d 115, 128, 357 N.E.2d 785, 791.) However, this does not mean that the one who decides must personally be present when the evidence is taken. *Homefinders, Inc. v. City of Evanston* (1976), 65 Ill. 2d 115, 357 N.E.2d 785; *E&E Hauling, Inc. v. Pollution Control Board* (1983), 116 Ill. App. 3d 586, 604, 451 N.E.2d 555, 569.

■ Plaintiffs argue that the complainants were denied due process of law in that the hearing officers were the very individuals who

established the assessments which were the subject of the complaints. However, plaintiffs have neither alleged nor shown that any hearing officer heard or may have heard any case in which he or she actually set the complained-of assessment, nor that any hearing officer made any decision either upon the admission of evidence to be viewed by the board or upon the merits of the complaint. It does not appear that any of the hearing officers had any part in reviewing his or her own decisions, in any sense, on these facts. Also, plaintiff's contention that the hearing officers improperly participated in a review of their own decisions contradicts plaintiffs' further contention that the hearing officers should have submitted findings to the board. The latter contention is also without merit, in absence of any showing by plaintiffs that any of the complaints was resolved upon disputed evidence, *i.e.*, that weight and credibility of witnesses was a determining factor as to any of the assessment complaints. See *Southern Illinois Asphalt Co. v. Environmental Protection Agency* (1973), 15 Ill. App. 3d 66, 80, 303 N.E.2d 606, 616-17, *aff'd* (1975), 60 Ill. 2d 204, 326 N.E.2d 406.

Plaintiffs argue that the adoption of an estimated real property tax billing system would avoid any delay in the tax cycle due to the great number of complaints filed. Serious objections to such a procedure appear, *i.e.*, the estimated additional cost of such a procedure ($100,000, according to Flood's stipulated testimony). However, we need not decide whether estimated tax billing procedures should have been adopted in this case, as the viability of that procedure does not affect our conclusions regarding the statutory and constitutional issues raised by plaintiffs as to the procedure actually adopted by defendants in this case.

In summary, we conclude that the procedure complained of by plaintiffs did not violate section 108(4) of the Revenue Act of 1939 and was not violative of considerations of due process of law. Accordingly, the judgment of the circuit court of St. Clair County is affirmed.

Affirmed.

JONES, P.J. and KARNS, J., concur.