WILLIAM ANEST *et al.*, Plaintiffs-Appellants, v. LAKE COUNTY *et al.*, Defendants-Appellees.

Second District   No. 2—85—0507

Opinion filed September 18, 1986.

Barry J. Freeman, of Gottlieb & Schwartz, Marvin G. Freeman, of Freeman, Freeman & Hansfield, Bryon H. Weis and Frank S. Pollack, both of Pollack & Weis, and Eugene J. Shiltz, of Robert F. Coleman & Associates, all of Chicago, for appellants.

Fred L. Foreman, State's Attorney, of Waukegan (James C. Bakk, Assistant State's Attorney, of counsel), for appellees Lake County, Illinois, Board of Review of Lake County, Austin Douglas, Ellen Furtkamp, Bernard Vitek, and Robert Jasper.

Richard A. Cowen, of Cowen, Crowley & Hager, of Chicago, for appellee William Brown.

Thomas W. Gooch & Associates, Ltd., of Wauconda, for appellee H. Pillman.

Barry L. Kroll, Patrick F. Klunder, Thomas H. Neuckranz, and Lloyd E. Williams, Jr., all of Williams & Montgomery, Ltd., of Chicago, for appellee William Swanson.

Edward R. Tomkowiak and Donald Ridge, both of Waukegan, for appellee R.G. Holtz.

Murry R. Conzelman, of Conzelman, Schultz, Snarski & Mullen, of Waukegan, for other appellees.

JUSTICE HOPF delivered the opinion of the court:

Plaintiffs, William and Peter Anest (taxpayers), appeal from the order of the trial court of Lake County dismissing their complaint on grounds that (1) the complaint failed to state a cause of action, and (2) plaintiffs' action was barred by the Local Governmental and Governmental Employees Tort Immunity Act (Ill. Rev. Stat. 1983, ch. 85, par. 1—101 *et seq.*).

Plaintiffs brought a class action suit, on behalf of all taxpayers of Lake County, against Lake County; the members of the Lake County

board of review (board of review), both individually and as members of the board; the Lake County supervisor of assessments; and the various Lake County township assessors, both individually and in their official capacities. The complaint alleges that for several consecutive years the defendants increased the assessed valuation of taxpayers' real property without notice to taxpayers, and that this conduct violated plaintiffs' right to due process. Pursuant to section 1983 of the Civil Rights Act of 1871 (42 U.S.C.A. sec. 1983 (West 1981)), plaintiffs seek actual and consequential damages plus interest, and costs and attorney fees.

Defendants moved to dismiss the complaint on grounds that it failed to state a cause of action because it did not allege the deprivation of any constitutional rights. Defendants also asserted the following defenses in bar to plaintiffs' suit pursuant to section 2—619 of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 2—619): the trial court lacked subject matter jurisdiction to hear the case; the action was barred by the *res judicata* effect of the judgments and orders for sale entered upon the collectors' application for judgment in the contested tax years; the assessment officials named in the complaint enjoyed qualified immunity from a section 1983 suit because the constitutional right they allegedly violated was not clearly established at the time of the violation; and the taxpayers lacked standing to sue certain township assessors because the complaint did not allege ownership of any real property in those townships.

The trial court found that neither taxpayers' fourteenth amendment constitutional rights, nor their civil rights under section 1983, were implicated by the complaint. The court further found that the tax assessment officials and the members of the board of review were immune to plaintiffs' suit pursuant to sections 1—202 and 2—204 of the Local Governmental and Governmental Employees Tort Immunity Act (Tort Immunity Act) (Ill. Rev. Stat. 1983, ch. 85, pars. 1—202, 2—204). The complaint was dismissed as to all defendants.

As a preliminary matter, it should be noted that this case arises from the same facts which resulted in this court's opinion in *Anderson v. Apostalakis* (1984), 123 Ill. App. 3d 507, 462 N.E.2d 1006. There, the initial 1980 assessment figure was increased by the amount of the 1979 equalization factor. Thus, what appeared to taxpayers to be the initial 1980 assessment was actually the initial 1980 figure plus the equalization factor.

Pursuant to the tax objection procedure set forth in section 194(a) of the Revenue Act of 1939 (Revenue Act) (Ill. Rev. Stat. 1981, ch. 120, par. 675 (a)), taxpayers in *Apostalakis* paid the taxes resulting from the 1980 assessments under protest. Subsequently, they filed the

requisite objection at the collector's application for judgment, alleging that they were given no notice of the increased assessments as required by section 108(5) of the Revenue Act (Ill. Rev. Stat. 1981, ch. 120, par. 589(5)). Defendants contended that the publication of proposed 1979 equalization factors provided sufficient notice that the 1980 tax assessment figure would include the amount of the 1979 equalizer. This court held that publication of equalization factors alone did not constitute notice for purposes of the statute. Accordingly, the challenged Lake County assessment increases were invalid. In the instant case, plaintiffs assert that the practice found to violate the Revenue Act in *Apostalakis* also violated their constitutional right to due process.

The trial court dismissed the complaint in the present case after finding that it failed to allege a constitutional violation and concluding that the suit was barred by the Local Governmental and Governmental Employees Tort Immunity Act (Ill. Rev. Stat. 1983, ch. 85, par. 1—101 *et seq.*). We find it unnecessary, however, to reach either of those issues.

■■■ It is the judgment of the lower court that is on appeal to a court of review, and not whatever else the lower court may have said. (*Material Service Corp. v. Department of Revenue* (1983), 98 Ill. 2d 382, 387, 457 N.E.2d 9; *Rabus v. Calcari* (1959), 16 Ill. 2d 99, 156 N.E.2d 567.) A reviewing court is not bound by the reasons given by the trial court for its judgment. (*Citizens Utilities Co. v. O'Connor* (1984), 121 Ill. App. 3d 533, 459 N.E.2d 682.) The lower court judgment may be sustained upon any ground warranted in the record, regardless of whether it was relied on by the trial court. (*Material Service Corp. v. Department of Revenue* (1983), 98 Ill. 2d 382, 387, 457 N.E.2d 9; *Anderson v. Sutter* (1983), 119 Ill. App. 3d 1070, 458 N.E.2d 39.) The reasons given by a trial court for an order, or the findings on which an order is based, are not material if the order is correct. (*Board of Managers v. Chase Manhattan Bank* (1983), 116 Ill. App. 3d 690, 452 N.E.2d 382.) In the case at hand we find that the trial court correctly ordered the dismissal of the complaint. We do not, however, rely on the reasons stated by the lower court. Rather, we conclude after reviewing the record that plaintiffs received notice of increases in their assessments sufficient to satisfy the requirements of due process. This conclusion warrants affirmance of the trial court judgment.

Our supreme court in *Dietman v. Hunter* (1955), 5 Ill. 2d 486, 489, 126 N.E.2d 22, set forth the parameters of due process in tax assessment proceedings as follows:

"Due process requires that the property owner be given no-

tice and an opportunity to be heard upon the valuation of his property at some point in the taxing process before his liability to pay the tax becomes conclusively established."

Actual notice of tax assessment increases is sufficient to satisfy due process. (*Andrews v. Foxworthy* (1978), 71 Ill. 2d 13, 22, 373 N.E.2d 1332; *People ex rel. Ball v. Anderson* (1961), 21 Ill. 2d 396, 400-01, 172 N.E.2d 760.) Here, the taxpayers had actual notice when they received their tax bills.

The annual tax bills mailed by the county collector informed Lake County taxpayers that their property assessments had been increased during each tax year in question here. Section 190 of the Revenue Act (Ill. Rev. Stat. 1981, ch. 120, par. 671) specifically requires that a statement be included with each tax bill and that "[i]n all counties the statement shall also set out *the assessment of the property involved,* the equalization factors imposed by the county and by the Department, and the equalized assessment resulting from the application of the equalization factors to the basic assessment." (Emphasis added.) (Ill. Rev. Stat. 1981, ch. 120, par. 671.) (The 1979 and 1983 statutes also require a statement of the assessment of each piece of property taxed.) Section 190 further requires that the tax bills be mailed to property owners at least 30 days before the taxes are due. (Ill. Rev. Stat. 1981, ch. 120, par. 671.) Taxpayers have nowhere alleged that they did not receive either their tax bills, or the statement called for by the statute. Accordingly, the taxpayers were notified of current assessments upon receipt of their tax bills. A comparison of those bills with the previous year's bills would have shown immediately any increase in assessment. At that point, the taxpayers had at their disposal the tax objection procedure as a remedy.

Taxpayers object that it is overly burdensome to expect the taxpayer to assume the responsibility for comparing assessment figures on his current tax bill with the same figures on the bill from the year before. Their intimation that taxpayers must "carefully scrutinize their confusing and highly complicated tax bills, then compare them with the prior years' bills to try to determine whether their rights are being violated by the taxing authorities," needlessly exaggerates an uncomplicated task. The taxpayer need look for only one figure on each statement: the assessed value for the present year and the assessed value for the previous year. We do not find this simple comparison so onerous as to relieve the taxpayer of all burden.

In addition to actual notice, taxpayers had an opportunity to be heard pursuant to the statutory tax objection process. By the simple expedient of paying their taxes under protest and filing an objection at

the county collector's application for judgment, taxpayers would have been assured of a hearing. While taxpayers normally protest assessments before the board of review during the customary assessment cycle (Ill. Rev. Stat. 1981, ch. 120, par. 589), failure to exhaust that administrative remedy would not have been a defense in this case at the tax objection proceeding. *Marty v. Brown* (1975), 34 Ill. App. 3d 660, 338 N.E.2d 920.

In *Marty* the first notice taxpayers had that their property had been placed on the assessment rolls was a tax bill received long after the board of review had closed its books for the current tax year. When taxpayers complained regarding lack of notice, the collector argued that they should have exhausted their administrative remedies. The court found no merit in this argument since taxpayers received notice too late to utilize those remedies. Likewise, taxpayers in the instant case had actual notice of increases in assessments only when they received their tax bills. Failure to appeal to the board of review during the tax assessment cycle would not have barred their tax objections. We conclude that taxpayers had actual notice and an opportunity to be heard regarding their assessment increases sufficient to satisfy the requirements of due process. *Dietman v. Hunter* (1955), 5 Ill. 2d 486, 489, 126 N.E.2d 22.

We acknowledge that in *Anderson v. Apostalakis* (1984), 123 Ill. App. 3d 507, 462 N.E.2d 1006, we found that the same assessment increases challenged here were invalid because they had been imposed without sufficient notice. However, in *Apostalakis*, plaintiffs complained of a statutory, rather than a due process, violation. Furthermore, the precise issue before us in *Apostalakis* was whether publication of proposed 1979 equalization factors provided sufficient notice that the 1980 assessment figure would include the amount of the 1979 equalizer. We concluded that such publication did not constitute notice for purposes of the statute. We did not consider whether the tax bill might provide notice either under the statute or under due process. Accordingly, *Apostalakis* does not control the case now before us.

Since we have decided that taxpayers did not adequately allege a violation of their due process right to notice and hearing, we need not address the other issues raised by the parties. Based on the reasoning set forth above the judgment of the circuit court of Lake County is affirmed.

Affirmed.

NASH, P.J., and SCHNAKE, J., concur.